## Kimball vs. Post.

Fraudulent Sale of Chattels: Ch. 113 of 1873. *(1) What constitutes a sale. (2) Trespasser not protected. (3) Defendant held a trespasser.*
Evidence: *(4) Of possession of chattel.*

1. *Quære* whether a contract purporting to be for the *lease* of a chattel for nine months, with a provision that if at the end of that time the lessee shall pay a certain additional sum, the lessor will sell the chattel to him for that sum, is not such a conditional *sale* as to be within the provisions

of ch. 113 of 1873 — "An act to prevent frauds in the sale of personal property."

2. Said ch. 113 must be construed as designed to protect creditors of the vendee, or persons claiming title to or interest in the property from him by sale, assignment or otherwise, where the contract is not filed (41 Wis., 222); and it does not protect *mere trespassers.*

3. Where, therefore, in an action by the lessor or conditional vendor against a third person, it appeared that, after a default by the lessee, entitling plaintiff, as against him, to possession of the property, defendant, being then in possession, refused to surrender on plaintiff's demand, and there was no evidence that he held under a sale or assignment from the lessee, or was other than a mere trespasser, it was not error to direct a verdict for the plaintiff.

4. Where defendant, upon demand made upon him for the specific property, refused to surrender it, without then denying the fact of his possession, this may be regarded as an admission by him that he was in possession, and, in the absence of any contrary evidence at the trial, is sufficient to sustain the action, notwithstanding a general denial in the answer.

APPEAL from the Circuit Court for *Fond du Lac* County.

The case is thus stated by Mr. Justice TAYLOR, in his opinion as originally prepared:

This action was brought to recover of defendant the value of a piano which plaintiff alleges he owned, and defendant unlawfully converted to his own use. The answer is, first, a general denial; second, an averment that defendant purchased the piano of one Harry Keyes, in whose possession it was, in good faith and for value, believing said Keyes to be the owner thereof; and third, a denial that plaintiff was the owner of the piano at the commencement of the action, and an averment that defendant was then the true and lawful owner.

The evidence shows that plaintiff owned the piano on the 7th of January, 1874; and that on that day it was delivered to Harry Keyes under a contract of the same date, of which the following is a copy:

"This agreement, made on the 7th day of January, 1874, between *W. W. Kimball*, of Chicago, Cook county, state of Illinois, party of the first part, and Harry Keyes, of the city

Kimball vs. Post.

of Fond du Lac, Wisconsin, WITNESSETH, that the said *W. W. Kimball* has leased unto the party of the second part one piano, No. 19714, style 4, made by *W. W. Kimball*, of Chicago, for the term of nine months from the date hereof, for the sum of $210 for the whole term aforesaid, to be paid as follows: fifty dollars cash in hand, the receipt of which is hereby acknowledged; and one hundred and sixty dollars July 1, 1874.

"It is however provided, that if, at the end of the term of the nine months as aforesaid, the said party of the second part shall pay unto the said party of the first part the sum of $90, then the said *W. W. Kimball* agrees to sell to said party of the second part, in consideration of the sum last mentioned, the said piano, and to execute to him a bill of sale of the same.

"It is further provided and agreed, that the same shall not be removed from the city of Fond du Lac during the continuance of the above mentioned lease, without the consent of the party of the first part; and that a failure to pay the aforesaid sum or sums, or any removal or attempt at removal of said instrument from said place without the written consent of said party of the first part, shall make void this agreement at the option of the party of the first part, and they shall have the right to enter the dwelling or premises of the party of the second part, and remove the instrument, and to retain any and all sums of money paid on this agreement and lease, as damages in part for any injuries to said instrument or for expense in securing the same.

It is expressly understood that the party of the first part neither parts with, nor does the party of the second part acquire, any title to the above described property, until all of the said sum or sums of money are fully paid.

"In witness whereof said parties to this agreement have hereunto set their hands and seals, this 7th day of January, 1874.      "Witness:      W. W. KIMBALL. [L. s.]

HARRY KEYES.      [L. s.]

"FOND DU LAC, *January 7, 1874.*"

Plaintiff gave evidence of the value of the piano; that it had been demanded of defendant before the commencement of this action; and that he refused to deliver it to the plaintiff. Defendant gave no evidence in support of his answer.

The jury were instructed that they must find for the plaintiff, and that the only question for them to determine was the value of the piano. The court refused to instruct the jury as requested by the defendant, in substance, that there was no proof that defendant had the possession of the piano at the time of the alleged conversion; that there was no proof of conversion by the defendant; that the plaintiff could not recover, because he had delivered the possession of the piano to Harry Keyes under the contract above set forth, and had not filed a copy of such contract in the office of the city clerk at the city of Fond du Lac; and that the plaintiff could not recover unless he proved a demand of possession after the expiration of the nine months mentioned in the contract.

The defendant appealed from a judgment in favor of the plaintiff.

For the appellant, a brief was filed by *Coleman & Spence*, and there was oral argument by *Mr. Spence*. They contended, 1. That the answer did not admit, and plaintiff did not prove, that defendant was ever in possession. Mere proof of a demand and refusal is not sufficient. Buller's N. P. (6th ed.), 44; *Edwards v. Hooper*, 11 M. & W., 366; *Smith v. Young*, 1 Campb., 441; *Harwood v. Smith*, 2 Durnf. & E., 756; *Hartford v. Jones*, 3 Salk., 366; *Kelsey v. Griswold*, 6 Barb., 443; *Whitney v. Slauson*, 30 id., 276; *Andrews v. Shattuck*, 32 id., 396. 2. That the contract was within ch. 113 of 1873, and, not having been filed as required by that statute, was void so far as it attempted to reserve title in the vendor to secure payment of the purchase money. *Williams v. Porter*, 41 Wis., 422. 3. That there was no proof that Keyes was in default under the contract when the demand was made.

*Charles A. Eldredge*, for the respondent, contended, 1.

That ch. 113 of 1873 is no protection to a mere trespasser. *Jones v. Lake*, 2 Wis., 210; *Eaton v. White*, id., 292; *Norton v. Kearney*, 10 id., 443; *Duncan v. Spear*, 11 Wend., 54. 2. That the contract was not a sale, but a mere *lease*. *Hart v. Carpenter*, 24 Conn., 427; *Ballard v. Burgett*, 40 N. Y., 319; *Neideg v. Eifler*, 18 Abb. Pr., 353. 3. That a sale of a chattel by one who has only a right of possession for specific purposes, is a conversion *(Ashmead v. Kellogg*, 23 Conn., 70; *Stanley v. Gaylord*, 1 Cush., 536; *White v. Phelps*, 12 N. H., 382; *Grant v. King*, 14 Vt., 367; *Murray v. Burling*, 10 Johns., 172; *Cranz v. Kroger*, 22 Ill., 74; *Smith v. McLean*, 24 Iowa, 322; *Eldred v. Oconto Co.*, 33 Wis., 133; *Hurst v. Gwennap*, 2 Stark., 306; *Loeschman v. Machim*, id., 309, per ABBOTT, J.; *Fenn v. Bittleston*, 8 Eng. L. & E., 482); and that where defendant claims or exercises general dominion of the chattel in dispute, proof of a manual taking by him is unnecessary. *Pease v. Smith*, 61 N. Y., 477. His assertion of a right of property in himself, and refusal to surrender on demand, are sufficient evidence of a conversion. Saunders' Pl. & Ev., 475, 479 (881, 884).

TAYLOR, J. The appellant insists that the contract between the plaintiff and Keyes comes within the provisions of sec. 1, ch. 113, Laws of 1873, and is void as against all persons except the parties thereto, because no copy was filed in the office of the city clerk. The view this court has taken of this case renders it unnecessary to decide whether such contract is within the provisions of said chapter; but we are strongly inclined to the opinion that this statute cannot be avoided by a mere declaration that what is in fact a conditional sale, shall be deemed to be a lease.

Admitting, however, that this contract came within the provisions of said chapter, and was in fact a conditional sale and not a lease, we are of the opinion that the defendant did

not show himself in a condition to take advantage of its provisions.

It is urged that, as the statute declares the contract shall only be valid " as to the parties thereto," the vendor, by the delivery of the goods sold under the contract to the vendee, loses all right to claim the same against any party other than the vendee, without any regard to the manner in which such other party becomes possessed thereof; that it is immaterial whether the person found in possession after such delivery to the vendee acquires such possession by a purchase in good faith, or by a trespass upon the rights of such vendee; and that no action can be maintained by the original vendor against the party in possession, in either case.

We are not inclined to give this law such an enlarged construction. The object of the statute is to protect those dealing with the possessor of personal property, against secret trusts or claims of those having no connection with the possession and no apparent connection with the title, and not to protect those making no claim thereto by purchase or assignment from the party in possession. In other words, it was not intended for the protection of mere trespassers. See *Montgomery v. Dorion*, 6 N. H., 255. Its proper construction must be, that, unless the contract be filed as required by the law, the title to the property mentioned in the contract is conclusively presumed to be in the vendee in possession, in favor of the creditors of such vendee, as well as those claiming title thereto or any interest therein under him by purchase, assignment or otherwise. This is substantially the construction given to it by this court in the case of *Williams v. Porter*, 41 Wis., 422.

It would defeat the whole object of the statute to hold that, if the vendor failed to so file his contract, the title should remain in him. Such construction would nullify the statute, and leave the parties in the same situation they would have been in if the statute had not been enacted, and would, per-

haps, place the vendor in a more favorable situation as to the property.

The statute virtually makes the conditional vendee the owner, with full power to transmit the title by sale, assignment or otherwise, as well as with power to encumber the same, unless the vendor shall file his contract as required, and, upon so filing the same, he retains his right to the property as expressed in the contract.

The defendant gave no evidence tending to show that he became possessed of the property by purchase from, or that he claimed any interest therein derived from, the vendee or lessee, Keyes, so as to put himself in a position to claim that the ownership of the property was in Keyes. To authorize the defendant to set up that claim, it was necessary for him to connect himself with the title of Keyes. As a mere trespasser found in possession of the property, he cannot avail himself of the benefit of this statute. Independently of the statute, and there being no question of the rights of a party purchasing in good faith of the party having the actual possession of the chattel, the plaintiff showed himself entitled to the possession of the piano at the commencement of the action, the vendee or lessee having made default in the payment of the purchase money or rent due by the terms of the contract; and the defendant, being found in possession after such default, and not being entitled to the protection of the statute, can have no greater right to retain the possession as against the plaintiff than Keyes would have had, had the possession remained in him.

If the plaintiff's evidence showed the possession of the defendant, and a demand and refusal to deliver the same to the plaintiff, after the first day of July and before the commencement of the action, then he made a case which entitled him to a verdict as directed by the court below. The evidence upon this subject was given by the witness Hurley. He swears: "I took the number of the piano along, and told him (defendant)

I made a demand in behalf of *Mr. Kimball* for that piano taken from Keyes; the same number, the same piano. I think it was some time shortly after the transaction, before the commencement of this suit; and he refused to give it up." The other evidence makes it sufficiently clear that this demand was made after the first of July. This demand, having called the attention of the defendant to a piano alleged to have been taken from Keyes, was a clear intimation on the part of the demandant charging the defendant with taking the same from Keyes; and his refusal to deliver the same, without any explanation or disclaimer of having the possession, or of having taken the same from Keyes, is an admission on his part that he had the piano and had taken the same from Keyes. We are of the opinion that if the defendant placed his refusal to deliver upon the ground that he did not then have, or that he never had, the possession of the piano, he should have so stated at the time; and, in the absence of any testimony given on the trial disproving his possession, his silence upon the subject when charged with the possession was an admission thereof, and sufficient evidence to sustain the plaintiff's action. We have examined the authorities cited by the appellant to the point that a demand of possession and refusal to deliver the same is not sufficient evidence of a conversion to sustain an action therefor, and do not think they conflict with our ruling in this case. In all the cases cited, the evidence given on the trial showed the fact that the goods were not in the possession of the defendant when they were demanded, or it was fairly to be inferred from the evidence that they were not.

It is true, the defendant alleges in his answer that he purchased the piano of Keyes, and that he owned the same; but he gave no proof of the truth of his answer. As the plaintiff gave sufficient evidence to establish his right to the property, and the fact of the conversion of the same by the defendant, without relying upon the admissions made by him in his answer, there is no proof of ownership by the defendant, or

admission on the part of the plaintiff that he purchased of Keyes.

*By the Court.* — The judgment of the circuit court is affirmed.