WILLIAM R. STARR, APPELLANT, V. CHESTER W. DOW ET
AL., APPELLEES.

FILED SEPTEMBER 21, 1906. No. 14,413.

1. **Conditional Sales:** VALIDITY. A contract for the sale and delivery
of personal property upon condition that the title is to remain
in the vendor until the purchase price is paid, is invalid, as
against purchasers in good faith, judgment and attaching cred-
itors of the vendee, without notice, unless a copy of the contract
is verified and filed in the manner pointed out in section 26, ch.
32, Comp. St. 1903. *Peterson v. Tufts*, 34 Neb. 8, followed and
approved.

2. **Bill of Sale:** VALIDITY. A bill of sale received in payment of an
antecedent debt protects the vendee to the same extent as had
there been a new consideration, if taken in good faith and without
an intention to defraud the other creditors of the vendor. *Rach-
man v. Clapp*, 50 Neb. 648, followed and approved.

APPEAL from the district court for Red Willow county:
ROBERT C. ORR, JUDGE. *Reversed.*

*Boyle & Eldred, Fayette I. Foss* and *Starr & Reeder,* for
appellant.

*W. S. Morlan, contra.*

OLDHAM, C.

This was an action in replevin, originally instituted
before a justice of the peace in Red Willow county, to
recover the possession of a number of crated buggies and
spring wagons. The cause was appealed to the district
court where, on a trial had to the court and jury, a verdict
was directed for the defendant, and judgment entered on
the verdict. To reverse this judgment the plaintiff has
appealed to this court.

Plaintiff claims title to the property in dispute under
a bill of sale executed and delivered to him by James
McClung on the 10th day of October, 1903, and filed for
record on the 12th day of October, 1903. Defendant Van

Brunt claimed title under an unrecorded contract of conditional sale with McClung. The evidence shows that for some time before the 10th day of October, 1903, McClung had been engaged in selling wagons and buggies in Indianola, Nebraska, and that the vehicles in dispute had been purchased under contract from the defendant, Henry H. Van Brunt, a wholesaler and jobber doing business in Council Bluffs, Iowa; that after disposing of a number of the wagons and buggies purchased under this contract, McClung quit business, and went to Denver, Colorado, for treatment in a Keeley institute; that on his way to Denver he stopped at McCook, and had a settlement with his attorney (who is plaintiff in this cause) for legal services rendered during a period of about 16 years and for money loaned to him during that period by his attorney; that in this settlement plaintiff was retained for further services in behalf of McClung's daughter in a cause then pending; that in settlement for these services McClung executed and delivered to plaintiff a bill of sale on the vehicles in dispute as well as on other property. Plaintiff testified that at the time he received the bill of sale McClung told him that he was not in debt to anyone, and that he had no knowledge of defendant's claim against McClung for the purchase price of these vehicles. Afterwards defendant's agent came to Indianola, and took possession of the vehicles and stored them in a warehouse owned by defendant Dow, where they remained until this action was instituted.

It appears from the testimony that, before the purchase of the goods in dispute, McClung had been dealing for some time with the McCormick Harvester Company, and that on information which defendant obtained from that company he extended credit to McClung for four and six months on the goods consigned, and that at the time the bill of sale was made to plaintiff payment was not due on the contract under the credit extended. There is no testimony whatever in the record of any fraud having been perpetrated on defendant in the purchase of the goods or in

procuring the credit extended on them. As before stated, the contract of conditional sale was never filed for record, so that the question for consideration is well stated in the brief of the appellee, wherein it is said: "The case involves but a single issue and that a very simple one: Was the appellant a *bona fide* purchaser of the property which is the subject of controversy?"

The only evidence introduced on the question of the *bona fides* of the purchase was that of plaintiff himself, and he testified that McClung was in debt to him for services and borrowed money in an amount in excess of $400, the price named in the bill of sale, and that he took the bill of sale in satisfaction of all claims against McClung for services already rendered as well as those to be rendered on behalf of his daughter in the suit then pending, which services, he says, were subsequently rendered. In *Peterson v. Tufts*, 34 Neb. 8, it was said:

"A contract for the sale and delivery of personal property upon condition that the title is to remain in the vendor until the purchase price is paid, is invalid, as against purchasers in good faith, judgment and attaching creditors of the vendee, without notice, unless a copy of the contract is verified and filed in the manner pointed out in section 26, ch. 32, Comp. St. 1891."

While it is true that the testimony of plaintiff as to the items which constituted his claim against McClung is neither so clear nor so convincing as to remove all suspicion concerning the good faith of the transaction, yet, in our view, there was sufficient evidence to warrant the submission of this issue to a jury under proper instructions. Since there is no proof of fraud in originally procuring the goods from the defendant Van Brunt, and, as this court has said in *Rachman v. Clapp*, 50 Neb. 648, "A bill of sale received in payment of an antecedent debt protects the vendee to the same extent as had there been a new consideration, if taken in good faith and without an intention to defraud the other creditors of the vendor," we think the question of the *bona fides* of the sale was one

of fact for the jury, and we therefore recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded for further proceedings.

REVERSED.