DAVID BRADLEY & COMPANY, APPELLANT, V. KINGMAN
IMPLEMENT COMPANY ET AL., APPELLEES.

FILED MAY 24, 1907. No. 14,838.

1. Conditional Sales. Section 26, ch. 32, Comp. St. 1905, requiring
conditional sales of personal property to be in writing, signed by
the vendee, and a copy filed with the county clerk, applies to a
contract of sale made in Iowa of property to be delivered to and
held by the purchaser within this state.

2. Sales: CONSIDERATION. A pre-existing debt is a good consideration
to support a sale of personal property. .

APPEAL from the district court for Thayer county:
LESLIE G. HURD, JUDGE. Affirmed.

C. L. Richards, for appellant.

M. H. Weiss and O. H. Scott, contra.

DUFFIE, C.

John Meinen, an implement dealer at Belvidere, entered
into a contract with David Bradley & Company to handle
their implements. The contract recites that Meinen is
appointed agent for the Bradley company to sell its imple-
ments, but there are other terms and conditions which
make it evident that Meinen was something more than an
agent, and it is conceded by the David Bradley company
that his interest in all implements received by him under
the contract was that of a vendee in a conditional sale. It
also appears that Meinen was handling the goods of the
Kingman Implement Company, and became indebted to
them in a sum exceeding $2,000. A short time prior to
the commencement of this action Meinen and the King-
man company had a settlement, the Kingman company
receiving back such of its goods as Meinen had on hand,
and in addition thereto a surrey which Meinen had re-
ceived from the David Bradley company. Other goods
were turned over to the Kingman company to the full

amount of its claim, and the indebtedness of Meinen to said company thus satisfied and discharged. This action was commenced by the David Bradley company to recover the surrey turned over by Meinen to the Kingman company on that settlement. The court directed the jury to return a verdict for the defendant, and the plaintiff has appealed.

The contract between Meinen and the David Bradley company was made in Council Bluffs, Iowa. No copy thereof was filed in the office of the clerk of Thayer county, where Meinen resided and carried on his business. It is insisted by appellant that the contract, being an Iowa contract, was not required to be filed in Thayer county in order to protect the David Bradley company as against a purchaser or judgment creditor of Meinen; that a conditional sale of property made in Iowa, although to a resident of Nebraska, the property to be taken and used in Nebraska, does not come within the provisions of our statute requiring a conditional sale to be in writing, and signed by the vendee, and a copy thereof filed with the clerk of the county. We do not think that this position can be sustained. While it is true that the contract of conditional sale was made in Iowa, both parties thereto contemplated that it was to be performed in Nebraska. The goods were to be taken to Nebraska and there sold, and absolute title passed to the purchasers from Meinen. Meinen was to remain in possession until a sale was made. The manifest purpose of our statute is to render ineffectual the condition in a sale of goods held in this state, where a copy of the contract of sale is not filed with the clerk of the county. The object of the statute is to get rid of secret and latent liens. Public policy, as asserted in the extension of our registry laws, requires that the public record shall show the ownership of personal property, and a construction which is favorable to that end should be given to the act. *Knowles Loom Works v. Vacher*, 57 N. J. Law, 490, 33 L. R. A. 305.

13

It is further urged that the Kingman Implement Company is not a purchaser within the meaning of the statute. It clearly appears from the evidence that the Kingman Implement Company gave credit to Meinen for $90 on the amount due from him in consideration of this surrey. It also appears that it had no notice of any claim to the property by the David Bradley company. It is a well-recognized principle of law in this state that a pre-existing debt is a good consideration for a conveyance of property, and, if taken in good faith and without any fraudulent purpose, the sale will be upheld, even though the consideration therefor was an antecedent debt. *Ward v. Parlin,* 30 Neb. 376; *Steen v. Stretch,* 50 Neb. 572; *Rachman v. Clapp,* 50 Neb. 648.

The action of the district court in directing a verdict and entering judgment thereon in favor of the defendant was clearly right, and we recommend an affirmance of the judgment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.