# CHARLES M. STIEFF, INC., *v.* ELIZABETH P. WILSON.

*Conditional Sale—Failure to Record—Effect as to Third Person —Purchaser for Value—Antecedent Debt.*

Code, art. 21, sec. 55, providing that the reservation of title in a conditional sale contract shall, until the contract is recorded, be void as to third persons without notice, is presumably intended to protect persons who may subsequently deal with the article sold, and part with value therefor, without notice of the contract.                          p. 600

In order that a purchaser be protected against an intervening equity, such as an unrecorded conditional sale contract, it must at least appear that he did some act on the faith of the sale to him, by which his position was varied for the worse and which cannot be retracted.                    ·                p. 601

One taking a chattel in settlement of an antecedent debt is to be regarded as parting with value, so as to be protected, under Code, art. 21, sec. 55, as against the reservation of title in an unrecorded conditional sale made to the person from whom he takes it. pp. 601, 602

That one who, after contracting to buy a piano, and paying therefor, without receiving the piano, a year later accepted a piano of a different make in satisfaction of the contract, involved a taking in satisfaction of an antecedent debt or pre-existing claim, so as to entitle her to hold the piano so taken as against the equity of one claiming under a reservation of title on an intervening unrecorded conditional sale. pp. 602, 603

That the piano so accepted was not of the same make as that specified in the original contract of sale did not affect the situation of the purchaser as that of one taking property in satisfaction of a pre-existing debt. pp. 602, 603

A delay of six months in the delivery of a piano under a contract of sale, and the delivery of a piano of a make different from that contracted for, did not charge the purchaser, or one claiming under her, with notice of defects in the seller's title.

p. 603

*Decided December 8th, 1926.*

Appeal from the Circuit Court for Anne Arundel County (Moss, J.).

Replevin by Charles M. Stieff, Inc., against Elizabeth P. Wilson. From a judgment for defendant, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Samuel K. Dennis* and *Gerald W. Hill,* with whom was *John S. Strahorn* on the brief, for the appellant.

*Benjamin Michaelson,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

This appeal brings up for review a ruling that when, after the conditional sale of a chattel, but before the recording of the contract of sale as required by statute, the vendee wrongfully delivers the chattel to one to whom he had previously sold a chattel of that nature for future delivery, and by whom he had previously been paid in full, the first vendor, notwithstanding reservations of title in the contract, is not entitled to take the property from the possession of the second vendee, who has no notice of the previous conditional sale.

One Guise, described as "in business for himself," in December, 1924, sold a Hannaman piano to Mrs. William A. Parran, of Calvert County, and agreed to deliver it in June, 1925, to Mrs. Parran's daughter, now Mrs. Wilson, who was to be married in that month. The full purchase price was paid by Mrs. Parran to Guise in December, 1924. Guise appears to have had no piano to deliver, and with one excuse and another put off delivery from June, 1925, to December, 1925, when, upon making a small initial payment, he bought a Lindeman piano from the appellee, Charles M. Stieff, Inc., upon a written contract of conditional sale, by which Stieff, Inc., reserved title until the full purchase price should be paid, and reserved a right to resume possession upon violation of other conditions of the sale. Guise, in violation of these conditions, but before the contract of sale was recorded, delivered the piano so obtained to Mrs. Wilson, in fulfillment of his previous contract with Mrs. Parran, and it was accepted as a fulfillment of that previous contract. Stieff, Inc., upon learning of this disposal of the piano, took possession of it by replevin. But neither Mrs. Parran nor Mrs. Wilson had any actual notice of the sale upon condition, and they claimed property in the piano. The trial court, in rejecting four prayers offered by the plaintiff, declined to rule that the plaintiff in the replevin suit had title and a right to resume possession; and an exception was taken to the ruling. Verdict was rendered and judgment entered for the defendant.

By the provisions of the more recent Sales Act (Code of

Pub. Gen. Laws, art. 83, secs. 41, 44 and 45), as well as under previous decisions of this court (*Praeger v. Implement Co.,* 122 Md. 303, 308), such a conditional sale is valid and binding on the vendee and others who have notice of it. But it is provided by section 55 of article 21 of the Code, that with respect to the seller's reservation of title until payment in whole or in part, and other conditions attached to the transfer of title, the contract shall, when possession is to be delivered to the vendee, "be void as to third persons without notice until such * * * contract be in writing, signed by the vendee, and be recorded in the clerk's office of Baltimore City, or the counties, as the case may be, where bills of sale are now recorded." And it is agreed that if the piano, bought and wrongfully delivered by Guise, had been a Hannaman piano, such as he had agreed to deliver to Mrs. Wilson, and if Mrs. Parran had made her purchase and paid the price after Guise had obtained possession from Stieff, Inc., the title of Mrs. Wilson would not be affected by the existence of the contract for conditional sale. But it is contended that the piano delivered to Mrs. Wilson having been of a different make, and the purchase price having been paid to Guise long before he obtained the Lindeman piano from Stieff, Inc., Mrs. Wilson is not protected in her claim by the statute.

The appellant urges that the broad words of the statute, "void as to third persons without notice," must be intended to have some qualification, excluding, at least, persons without some claim of right to the property, who would not be injured by enforcement of the condition. *Kimball v. Post,* 44 Wis. 471, 476. It is a recording statute, and it is to be presumed that it does not intend any departure from the well-known American theory and purpose of recording claim to title, that is, to protect persons who might subsequently deal with the property and part with value for it without notice of the earlier conveyance. *Hayes v. Richardson,* 1 G. & J. 366, 384 ; *General Ins. Co. v. U. S. Ins. Co.,* 10 Md. 517, 524; 2 *Pomeroy Equity Jurisp.,* sec. 649. And in *Roberts & Co. v. Robinson,* 141 Md. 37, 43, the Court has

said that the general terms employed indicate that the statute "was designed to safeguard the interests of all persons, acting without notice of the unrecorded contract, who would be injuriously affected if it were permitted to be enforced."

Proceeding from this principle, the appellant argues that, as Mrs. Wilson took the piano only in fulfillment of the antecedent contract and in settlement for the antecedent payment, she parted with nothing new on the faith of Guise's apparent title to the piano, and, so, is not to be regarded as injuriously affected by the contract of conditional sale. The argument is one that has repeatedly been made in contesting the title of a person taking property in payment of an antecedent debt. All the cases have agreed that for a purchaser to be protected against an intervening equity, as upon an unrecorded deed, "it must at least appear that he did some act on the faith of the sale, by which his position was varied for the worse and which cannot be retracted" (2 *White & Tudor, Lead. Cas. in Equity* (4th Amer. Ed.), 82, 83; Note, L. R. A. 1918C, 438); but the decisions have differed on the effect, under this rule, of taking the property in settlement of an antecedent debt. In Maryland it has been argued (*Tiedeman v. Knox,* 53 Md. 612, 616) that, apart from any statutory provision prescribing a contrary rule, settlement of an antecedent debt is not sufficient to constitute a purchase for value of a chattel; and we are not aware of any Maryland decision on that exact question. This court has decided, however, that the extinguishment of an antecedent debt in consideration of a conveyance of real property does constitute such a parting with value as should protect the grantee against the enforcement of the equity of a previous unrecorded deed. *Busey v. Reese,* 38 Md. 264; *Comegys v. Clarke,* 44 Md. 108; *Christopher v. Christopher,* 64 Md. 583. And in *Buchanan v. Savings Institution,* 84 Md. 430, it was held that the transferee of a negotiable instrument before maturity in payment of a pre-existing debt was a *bona fide* holder for value. The application of this general principle to conditional sales of goods is approved in 2 *Williston, Sales,*

sec. 620. "On principle," says Professor Williston, "the 'latter view seems clearly right. The cancellation of the debt is a surrender of something valuable. The answer made to this argument is that the original debt will be revived if the goods are taken from the purchaser, but this amounts only to saying that the value can be restored, and there is no recognized principle that a purchaser for value shall not be allowed to hold property transferred to him if the value which he has given can be restored to him." And see *Knowles Loom Works v. Vacher,* 57 N. J. L. 490, affirmed, 59 N. J. L. 586; *Starr v. Dow,* 77 Neb. 172; *Bradley v. Kingman Implement Co.,* 79 Neb. 144. And now the Sales Act (Code Pub. Gen. Laws, article 83, sec. 97), provides that "an antecedent debt or pre-existing claim, whether for money or not, constitutes value where goods or documents of title are taken in satisfaction thereof."

The final question in this case, then, is whether the acceptance of this piano as a compliance by Guise with his contract, on which he had been paid in full a year before, is a taking in satisfaction of an antecedent debt or pre-existing claim, such as, under the rule so laid down, entitles the appellee to hold the piano against the equity of the intervening, unrecorded contract of conditional sale. We do not see any ground for distinguishing between the two. A purchaser who receives delivery in compliance with an antecedent payment seems, in principle, to be in exactly the situation of a creditor who takes the chattel in satisfaction of an antecedent debt or pre-existing claim. The only possible difference would be that in the former the transferee would receive a chattel for which he originally contracted, specifically, while in the latter he might receive a chattel without having previously contracted to receive it; and that seems to be no more than a difference in the stage of relations of the parties at which the transferee agrees to take the chattel. We do not find in this any foundation for a distinction in legal principle or effect. This conclusion does not appear to us to be affected by the fact that the piano delivered to Mrs. Wilson was not of the same make as that specified in the

original contract of sale. There was still the fact of pre-
vious payment of purchase price, and the resulting obligation
or indebtedness; and the acceptance of the different piano in
settlement would seem to have left the purchaser no less in
the situation of one taking property in settlement of a pre-
existing debt. The argument that a later vendee, who parts
with nothing new, should not be regarded as injuriously af-
fected by failure to record the earlier contract, is one of
obvious strength; but it has not been accepted by the law
which controls our decision.

It has been urged that Guise's delay of six months in mak-
ing delivery to Mrs. Wilson, and his delivery of a Lindeman
piano instead of the Hannaman piano specified in the orig-
inal purchase, might be sufficient to put Mrs. Wilson upon
notice of the existence of some defect in Guise's title (*Hig-
gins v. Lodge,* 68 Md. 229; *Tiedeman v. Knox,* 53 Md. 612;
1 *Williston on Sales* [2nd Ed.], sec. 346-A) ; but it seems to
us these circumstances could not be held sufficient for that
purpose. They seem to us to be circumstances which so
commonly occur in connection with the transfer of property
acquired without fraud, that they cannot reasonably be said
to bespeak fraud.

*Judgment affirmed, with costs to the appellee.*