In re ROSEN.

District Court, D. Maryland. January 18, 1928.

No. 4740.

1. Bankruptcy ⟨key⟩184(2¾)—Under Maryland statute, trustee takes property in possession of bankrupt under unrecorded conditional sale contract free of seller's lien (Code Pub. Gen. Laws Md. 1924, art. 21, § 55).

Under Code Pub. Gen. Laws Md. 1924, art. 21, § 55, providing that reservation of title in conditional sale, unless the contract is in writing and recorded, shall be void as to third persons without notice, as construed by the Court of Appeals of the state, the reservation, though unrecorded, is valid between the parties and as to antecedent creditors of the purchaser, but void as to subsequent creditors; but where the purchaser becomes bankrupt, having both antecedent and subsequent creditors, his trustee will take the property free of the seller's lien, and its proceeds will be distributed among all creditors alike.

2. Bankruptcy ⟨key⟩355—Funds coming into hands of trustee by virtue of state lien laws will be distributed in accordance with Bankruptcy Act (Bankr. Act, § 47a [11 USCA § 75]).

The rights, remedies, and powers of a lien creditor conferred on a trustee by Bankruptcy Act, § 47a, must be determined by the state law; but the distribution of funds so coming into his hands must be in accordance with the provisions of the Bankruptcy Act, regardless of what distribution would have been made by the state courts.

In Bankruptcy. In the matter of Harry S. Rosen, bankrupt. On intervening petition of W. H. Smith to reclaim property. Petition dismissed.

Sauerwein, Lindsay & Donoho, of Baltimore, Md., for petitioner.

B. H. Hartogensis, of Baltimore, Md., for trustee.

SOPER, District Judge. Harry S. Rosen was adjudicated a bankrupt on July 22, 1926, upon a petition of his creditors filed in this court on June 7, 1926. The question before the court arises upon the intervening petition of W. H. Smith, an automobile dealer, who claims a lien in the sum of $825 and interest, upon an automobile sold by him to the bankrupt. The agreed statement of facts and the exhibits filed show that on March 11, 1926, the petitioner sold to the bankrupt a new Ajax sedan, for the sum of $1,125, of which $300 was paid in cash and the balance was covered by two promissory notes, one for $400, payable on June 1, 1926, and one for $425, payable July 1, 1926. Aside from the notes, there was no written contract between the parties. The automobile, however, was delivered to the bankrupt, who thereupon made application in writing to the commissioner of motor vehicles of the state of Maryland for a certificate of title, in accordance with article 56, § 202, of the Maryland Code. The application stated that the automobile was bought under a conditional sale, wherein there was reserved in favor of the seller a lien for the unpaid balance of the purchase price. Certificate of title was accordingly issued to the bankrupt, which recited that the motor vehicle was subject to the seller's lien for $825. The certificate was retained by the seller, and has since remained in his possession. The first note was not paid when due, and shortly thereafter the petition in bankruptcy was filed. The intervening petition prays the court to direct the delivery of the car to him; but, as the car was sold at public auction by the trustee in bankruptcy for the sum of $725, the petitioner now claims the entire amount in satisfaction of his lien.

[1] The Maryland statute (article 56, § 202), requiring the registration of motor vehicles with the commissioner, provides that liens or incumbrances thereon shall be stated in the application. But it is conceded by counsel for the petitioner and it is the opinion of this court that such registration does not take the place of the recording of liens reserved on the sale of goods and chattels, prescribed generally by article 21, § 55, of the Maryland Code. The latter statute provides in substance that every note or contract for the sale of goods and chattels, wherein a lien thereon is reserved until the same be paid in whole or in part, and possession is to be de-

livered to the vendee, shall, in respect to such reservation, be void as to third persons without notice until the note or contract be in writing, signed by the vendee, and be recorded in the clerk's office of Baltimore City or the counties, as the same may be, where bills of sale are now recorded. This section was construed by the Maryland Court of Appeals in Roberts & Co. v. Robinson, 141 Md. 37, 118 A. 198, and Stieff v. Wilson, 151 Md. 597, 135 A. 407.

In the first case a controversy took place between the vendor of merchandise, who held an unrecorded lien, and the trustee in bankruptcy of the purchaser. The latter, under the provisions of section 47a of the Bankruptcy Act (11 USCA § 75), was in the position of a lien creditor (2 Collier on Bankruptcy, 1052; Bailey v. Baker Ice Mach. Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275), and therefore the rights of general creditors, under article 21, § 55, of the Maryland Code, were not directly involved. In construing the act, however, the Court of Appeals said:

"As between the immediate parties the contract is valid, but 'as to third persons without notice' it is declared to be void until placed upon the public records in the manner prescribed. The creditors who trusted Keel [the bankrupt], in ignorance of the plaintiffs' secret reservations of interest in the property which they committed to his apparent ownership, were undoubtedly included among the 'third persons without notice' for whose protection the act was passed. If it had been intended to protect only purchasers and lienors, that purpose would have been expressed. The general terms employed indicate that the statute was designed to safeguard the interests of all persons, acting without notice of the unrecorded contract, who would be injuriously affected if it were permitted to be enforced."

In Stieff v. Wilson, supra, it was held that the reservation of title in an unrecorded conditional sale was not valid against an antecedent creditor, who took the chattel in settlement of his debt without notice of the lien. The court said that the act is a recording statute, and that no departure was intended from the well-known American theory of recording claim to title in order to protect persons who might subsequently deal with the property and part with it for value, without notice of the earlier conveyance, and that a party seeking to upset the lien must show that he did some act by which his position was varied for the worse and which could not be retracted.

In the case at bar there are unsecured debts owing by the bankrupt in the aggregate sum of $33,975.69, some of which were incurred before and some subsequent to the acquisition of the automobile by the bankrupt. It does not appear that any prior creditor changed his position on the faith of the bankrupt's ostensible ownership of the automobile. It may therefore be assumed, for the purposes of this decision, that, although the lien of the intervening petition was invalid as to creditors who became such subsequent to the sale, it was valid as to the parties thereto and antecedent creditors. So far as the trustee in bankruptcy represents subsequent creditors, it is clear that his claim is superior to that of the petitioner. Roberts & Co. v. Robinson, supra. The latter, however, contends that, even although the lien is invalid as to subsequent creditors, it is good as to prior creditors, and that he is entitled to be substituted in their place in the distribution of the proceeds of the sale of the car.

Such a mode of distribution was adopted by the Court of Appeals of Maryland in Dyson v. Simmons, 48 Md. 207. The contest in that case was between the mortgagee, in an unrecorded mortgage, on one hand, and prior and subsequent creditors of the mortgagor, on the other. The case was governed by the statute now codified as article 16, § 35, of the Maryland Code. It provided in effect that such a mortgage should not in any manner affect the creditors of the mortgagor who might trust him after the date of the deed. The court held that the claim of no creditor subsequent to the date of the mortgage was in any manner affected by such mode of distribution, but that he got exactly what he would have received if the mortgage had not been executed, and that there was neither equity nor reason for placing a subsequent creditor in a more advantageous position with respect to the fund than if the mortgage had not been made.

The words of the statute involved in the case at bar, however, differ from those construed by the court in Dyson v. Simmons. Here the provision is not that subsequent creditors shall not in any manner be affected by the conveyance, but that a reservation of title shall be void as to third persons without notice. No Maryland decision has been cited which indicates that the order of distribution used in Dyson v. Simmons should be applied. The Court of Appeals has given the statute a very broad application, and has expressly said in Roberts v. Robinson, supra, that it was intended to protect, not only purchasers and lienors, but also general credi-

tors. This interpretation goes further than the decisions of many, if not most, of the state courts in their construction of similar statutes. Williston on Sales, § 327a, says that, under the construction put upon most such statutes, creditors will not prevail over the sellers' title, unless prior to registration thereof they have acquired a judgment lien or have levied an attachment or execution on the goods. The construction of the Kansas statute by the Supreme Court of Kansas, followed by the Supreme Court of the United States in Bailey v. Baker Ice Machine Co., supra, is an illustration. The reference by the Maryland Court of Appeals to the rights of general creditors may perhaps be considered an obiter dictum, since they were represented by the trustee in bankruptcy, who, as already pointed out, had the status of a lien creditor. Nevertheless the language of the court is so clear and unmistakable as to furnish a safe guide for this court until it is modified in a subsequent case.

Certainly the statute should be given a liberal construction in the interest of subsequent creditors. It would seem that, so long as the claim of any subsequent creditor is unsatisfied, as to him the vendor's lien is of no effect, and he may proceed by appropriate proceedings to secure a judgment and execution upon the property. It is true that, if the antecedent creditors are excluded from a share in the property, in case of insolvency, subsequent creditors will get a greater share than if no reservation of title had been attempted, for the subsequent creditors will secure, not merely their own pro rata share, but the share of antecedent creditors as well. Nevertheless this result would seem to be more in harmony with the spirit of the statute than a distribution of the share of the antecedent creditors to the mortgagee. The purpose of the law is obviously to protect creditors who subsequently trust the buyer on the faith of his ostensible ownership, and to compel the seller to record his lien in order to preserve it. There is no injustice in penalizing a seller who neglects to comply with the law by the complete loss of his lien, so long as any subsequent creditor remains unpaid. The conclusion is that the trustee in

23F.(2d)—44

bankruptcy is entitled to the entire proceeds of the sale of the car.

[2] It does not follow, however, that the proceeds of the car should be distributed by the trustee in bankruptcy to subsequent creditors only. The Bankruptcy Act does not prescribe, in distributing assets, what effect shall be given to the provisions of the recording laws of the states. Such questions must be determined by the state statutes, as construed by the state courts. Holt v. Crucible Steel Co., 224 U. S. 262, 32 S. Ct. 414, 56 L. Ed. 756. Hence the rights, remedies, and powers of a lien creditor, conferred upon the trustee by section 47a of the Bankruptcy Act, must be determined by the state law; but when they have been given effect, and as a result funds have been paid into the hands of a trustee, distribution must be made in accordance with the terms of the Bankruptcy Act. It was held by the Circuit Court of Appeals for the Fourth Circuit in Townsend v. Ashepoo Fertilizer Co., 212 F. 97, where an unrecorded lien on goods and chattels was declared invalid as to subsequent creditors under the recording statutes of South Carolina, and the property came into the hands of the trustee in bankruptcy, that it should be distributed among all the creditors of the bankrupt without distinction. See, also, In re Rosenthal (D. C.) 238 F. 597, 603. It was also held in this circuit, in Mullen v. Warner, 11 F.(2d) 62, that where a fraudulent conveyance, which could be avoided only by antecedent creditors under the Maryland law, was set aside at the instance of the trustee in bankruptcy of the grantor, the proceeds should be distributed amongst all the creditors, and not merely among antecedent creditors.

The intervening petition will therefore be dismissed, and the proceeds of the sale of the car will be distributed, with other assets, amongst the creditors generally, including the petitioner; but, since the relative rights of prior and subsequent creditors to distribution of the funds were not discussed in the argument, and creditors were represented only by the trustee in bankruptcy, this action is taken without prejudice to the right of any creditor to except to the distribution, when stated in the account of the referee.