WILLIAM D. WILSON *vs.* HENRY D. GUYTON.—*December,* 1849.

The finder of lost property, for the restoration of which the owner has offered a fixed or certain reward, has a lien on the property, and may retain possession of it, if, on his offer to restore it, the owner refuses to pay the reward.

But, where the offer of the owner was merely to pay "a liberal reward," it was HELD: that there was no ground for the implication of such a lien.

The doctrine of lien is more favored now than formerly, and it is now recognised as a general principle, that wherever a party has, by his labor and skill, improved the value of property placed in his possession, he has a lien upon it until paid.

Liens are implied when, from the nature of the transaction, the owner of the property is assumed as having designed to create them, or when it can be fairly inferred, from circumstances, that it was the understanding that they should exist.

The existence of liens has been sustained when they contribute to promote public policy and convenience.

Appeal from *Harford* county court.

This was an action of *replevin*, instituted by the appellee, for the recovery of a horse which had strayed from the posses-

sion of the plaintiff, and had been taken up by one *William H. Pearce,* and was retained by the defendant as *Pearce's* agent.    The plea was *non cepit.*

At the trial, the defendant proved that the plaintiff was the owner of the horse in question, and that having lost said horse in the month of July, 1847, the plaintiff offered a liberal reward, by advertisement, to any one who would take up said horse, and deliver him to the plaintiff; and that said *Pearce,* after said advertisement, and in consequence thereof, took up said horse, and offered to deliver him to the plaintiff, upon said plaintiff's paying $3, as the reward for such taking up.    He also further proved, that plaintiff admitted that the sum of $3. was a reasonable reward, and within the terms of the advertisement; and that defendant held said horse at the time the writ was issued in this case, as the agent of said *Pearce.*    The defendant then prayed the court to direct the jury, "that unless the plaintiff proved, or offered proof that he had, before the institution of this suit, paid the said $3, the reward aforesaid, or tendered or offered to pay the same, the said plaintiff is not entitled to recover."    Which direction the court (ARCHER, C. J., and PURVIANCE, A. J.,) refused to give, but instructed the jury, that the said *William H. Pearce* had no right to retain said horse till the said reward was paid.    The defendant excepted, and the verdict and judgment being against him, appealed to this court.

The cause was argued before DORSEY, C. J., CHAMBERS, SPENCE, MAGRUDER, MARTIN, and FRICK, J.

By OTHO SCOTT, for the appellant, and
By H. W. ARCHER, for the appellee.

DORSEY, C. J., delivered the opinion of this court.

The doctrine of lien is more favored now than formerly; and it is now recognised as a general principle, that wherever the party has, by his labor or skill, &c., improved the value of property placed in his possession, he has a lien upon it until

paid. And liens have been implied when, from the nature of the transaction, the owner of the property is assumed as having designed to create them, or when it can be fairly inferred, from circumstances, that it was the understanding of the parties that they should exist. The existence of liens has also been sustained where they contributed to promote public policy and convenience. If any article of personal property has been lost, or strayed away, or escaped from its owner, and he offers a certain reward, payable to him who shall recover and deliver it back to his possession, it is but a just exposition of his offer, that he did not expect that he who had expended his time and money in the pursuit and recovery of the lost or escaped property, would restore it to him, but upon the payment of the proffered reward, and that as security for this, he was to remain in possession of the same until its restoration to its owner, and then the payment of the reward was to be a simultaneous act. It is no forced construction of his act, to say that he designed to be so understood by him who should become entitled to the reward. It is, consequently, a lien created by contract. It is for the interest of property holders so to regard it. It doubles their prospect of a restoration to their property. To strangers it is every thing; for few, indeed, would spend their time and money, and incur the risks incident to bailment, but from a belief in the existence of such a lien. Public convenience, sound policy, and all the analogies of the law, lend their aid in snpport of such a principle. Nor are we without an express authority upon this subject. In *Wentworth vs. Day*, 3 *Metcalf*, 352, the supreme court of *Massachusetts* decided, "that a finder of lost property, for the restoration of which the owner has offered a reward, has a lien on the property, and may retain possession of it, if, on his offer to restore it. the owner refuses to pay the reward."

But, in the case before us, there is no ground for the implication of such a lien from the compact of the parties. There was no fixed or certain reward offered by the owner, to be paid on the delivery of his property. His offer was to pay a "liberal reward." Who was to be the arbiter of the liberality of the

offered reward? It cannot be supposed that the owner, by his offer, designed to constitute the recoverer of his property the exclusive judge of the amount to be paid him as a reward. And it is equally unreasonable and unjust, to say that the owner should be such exclusive judge. In the event of a difference between them, upon the subject, the amount to be paid must be ascertained by the judgment of the appropriate judicial tribunal. This would involve the delays incident to litigation, and it would be a gross perversion of the intention of the owner to infer, from his offered reward, an agreement on his part, that he was to be kept out of the possession of his property till all the delays of litigation were exhausted. To the bailee thus in possession of property, such a lien would rarely be valuable, except as a means of oppression and extortion; and, therefore, the law will never infer its existence either from the agreement of the parties, or in furtherance of public convenience or policy.

JUDGMENT AFFIRMED.