G. OBER & SONS COMPANY *vs.* THOMAS J. KEATING
and B. PALMER KEATING, Trustees of CAROLINE
C. DAVIS, and others.

*Equitable lien—Agreement to execute Mortgage—Unrecorded
mortgage of Personal property—Sec. 40 of Art. 21 of
the Code—Marshalling assets.*

By a written contract dated 30th of September, 1890, D. the land-
lady, and P. her tenant, bought of O. twenty tons of phosphate
at $25 per ton, and to secure its payment, they agreed to give O.
a chattel mortgage of their respective interests in the wheat
crop about to be seeded on the farm. The mortgage was
executed by P. and then mailed to D. but it was not executed by
her, and was never recorded. Subsequently, on the 3rd of
December, D. made a general assignment of all her property,
including her interest in the wheat, for the benefit of her credi-
tors. HELD:

1st. That by the contract of the 30th of September, O. acquired a
lien upon the interest of D. in the wheat crop, which a Court of
equity would enforce against her assignees who were not *bona
fide* purchasers for value, but took the property under the assign-
ment subject to all liens and charges which existed against it
in the hands of the assignor.

2nd. That the wheat crop having been sold and the proceeds
deposited in Bank, and O. being entitled to a lien upon the crop
in the hands of the assignees, and D. being jointly and severally
liable for the payment of the debt for which the mortgage was
to be given, O. was entitled to so much of the proceeds of sale
as might be necessary to pay his claim.

Subsequently to the execution of the first mortgage by P. he
executed a second mortgage embracing not only his interest in
the wheat crop, but other personal property, to secure the pay-
ment of an indebtedness by him to other creditors, and this
mortgage was duly recorded. HELD:

That the equitable lien of O. on the wheat crop could not be en-
forced as against the second mortgagees, since section 40 of

G. Ober & Sons Co. *vs.* Keating, *et al.*

Article 21 of the Code renders invalid any unrecorded mortgage of personal property, whereof the mortgagor shall remain in possession, except as between the parties to such mortgage.

The second mortgagees having a lien, not only upon the wheat crop, but also other property included in the mortgage, a Court of equity will compel them to seek payment of their claims first out of the property upon which O. has no claim, to the end that all the creditors may be paid.

APPEAL from the Circuit Court for Talbot County, in Equity.

The bill in this case was filed by G. Ober & Sons Company to have the agreement of the 30th of September, 1890, between the plaintiff and Caroline C. Davis and John W. Powell, and the proceedings consequent thereon, construed to give the plaintiff an equitable mortgage or lien upon the crop of wheat then growing on the farm of the said Caroline ; and it prayed for an injunction against the defendants. The Court( STUMP, J.,) dismissed the bill, and the plaintiff appealed. The case is stated in the opinion of this Court.

The cause was submitted to ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, McSHERRY, and BRISCOE, J.

*C. S. Carrington,* and *Charles H. Gibson,* for the appellant.

*William R. Martin, B. Palmer Keating,* and *Thomas J. Keating,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

This is a plain case. By a contract in writing dated the 30th September, 1890, Caroline C. Davis the landlord and J. W. Powell, her tenant, bought of the appellants twenty tons of ammoniated phosphate at twenty-five dollars per ton, to secure the payment of which they

agreed to give to the appellants a chattel mortgage of their respective interests in the wheat crop then about to be seeded on the farm. The mortgage was executed by Powell, and then mailed to Miss Davis, who lived in another county, but was never, it seems, received by her: Subsequently, on the 3rd of December, Miss Davis made a general assignment of all her property, including her interest in the wheat, for the benefit of her creditors, and the question is whether, the appellants by the contract of September 30th, acquired a lien upon her interest in the wheat crop enforceable in a Court of equity against her assignees? It is a familiar principle, that an agreement to give a mortgage, founded upon a valuable consideration, will be treated in equity as a mortgage. It will be so treated, for the reason that equity will regard that as done which the parties themselves have agreed shall be done. And, if so, then her assignees stand in no better position. They are merely assignees for the payment of pre-existing creditors, and as such they take the property under the assignment subject to all liens and charges which existed against it in the hands of the assignors. They are not *bona fide purchasers*, because no consideration was paid or advanced by them at the time of the execution of the deed of assignment, nor was any legal right relinquished or surrendered on the part of the creditors. *Tyler, Trustee vs. Abergh*, 65 *Md.*, 18. The wheat crop in question, it appears from the statement of facts, was sold and the proceeds deposited in Bank to await the final determination of this case. The appellants being then entitled to a lien upon the crop in the hands of the assignees, and Miss Davis being jointly and severally liable for the payment of the debt, to secure which the mortgage was to be given, they are entitled to so much of the proceeds of sale as may be necessary to pay their claim.

We come then to the next question. The mortgage executed by Powell, the tenant, was mailed to Miss Davis,

G. Ober & Sons Co. *vs.* Keating, *et al.*

but was never executed by her, nor was it returned to the appellants, nor was it ever recorded. Subsequently Powell executed a second mortgage, embracing not only his interest in the wheat crop, but other personal property, to secure the payment of an indebtedness by him to other creditors, and this mortgage was duly recorded. And the question is whether the appellants' equitable lien on the wheat crop can be enforced as against the second mortgagees? And this question is answered by section 40 of Article 21, of the Code, which provides that "no personal property, of any description whatever, whereof the vendor, mortgagor, or donor shall remain in possession, shall pass, alter or change, or any property therein be transferred to any purchaser, mortgagee, or donee, unless by bill of sale or mortgage acknowledged and recorded as herein provided; but nothing herein shall be construed to extend to any sale or gift, where the same is accompanied by delivery, nor to invalidate such transfer, as between the parties thereto." Then sections 44 and 45 provide that bills of sale and mortgages of personal property shall be recorded in the county or city where the vendor or mortgagor resides *"within twenty days from the date thereof."* The mortgage by Powell to the appellants was valid and binding, as to the transfer of his interest in the wheat crop, against him ; but, not being recorded, it could not operate to the prejudice of the parties claiming under a second mortgage which was duly recorded. As against them, the appellants acquired no lien or interest whatever. At the same time, the second mortgagees having a lien, not only upon the wheat crop, but also on other property included in the mortgage, a Court of equity will compel them to seek payment of their claims first out of the property upon which the appellants have no lien, to the end that all the creditors may be paid. And if the property, excluding the wheat crop, be sufficient to

pay the second mortgagees, then the appellants are entitled to so much of the proceeds arising from the sale of the wheat crop, as may be necessary to pay their claim against Powell. And if the assignees of Miss Davis have in the meantime paid to the appellants the entire claim, then the assignees will be entitled to claim by subrogation so much of the proceeds of sale as may be necessary to reimburse themselves for the money paid by them on account of Powell's share of the indebtedness to the appellants.

> *Decree reversed, and*
> *cause remanded.*