# THE WINTON COMPANY

*vs.*

## HOWARD MEISTER *and* WILLIAM PATTERSON,
### Trading as Meister & Patterson.

*Conditional sales: title in vendor; liens; automobile repairs; temporary possession to owner no waiver of lien.*

A conditional sale of personal property, where the vendor retains title until the purchase price has been paid, is valid between the vendor and vendee, and all persons claiming under or through the latter, with notice of the lien.        pp. 319-320

While no statute exists in Maryland creating a lien for repairs to an automobile, the common law lien exists until the charges for labor and expenses are paid.                        p. 320

An automobile was sold, the vendees to have immediate possession, but the contract of sale provided that title should remain in the vendor until the purchase price was fully paid, and, in default of payment, the vendor had the right to retake possession of the car; it was further agreed that in order to be valid as to third parties, the contract should be recorded within twenty days from its date; but the contract was never in fact recorded; the vendees took the car to a repair shop to have alterations made, and after awhile were allowed to remove it temporarily for one hour or so, for the purpose of having an upholsterer make measurements; the agreement with the repairmen was that the car should not be finally delivered until payment for the repairs had been made; the vendees kept the car some time, riding about in it, but upon meeting with the repairmen they allowed them to retake the car; *held,* that by allowing the vendees temporarily to take possession of the car, the repairmen did not lose their lien for the repairs nor thereby make valid the alleged lien of the vendors.        p. 321

*Decided December 5th, 1918.*

Appeal from the Superior Court of Baltimore City. (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and CONSTABLE, JJ.

*Osborne I. Yellott* and *J. Le Roy Hopkins*, for the appellant.

*John C. Kumpf*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is an action of trover brought in the Superior Court of Baltimore City by the appellees against the appellant to recover damages for the wrongful conversion of an automobile.

The judgment in the Court below was in favor of the plaintiffs, and the defendant has appealed.

The questions are presented by a single bill of exception to the rulings of the Court below, in the refusal of the defendant's prayers, submitted at the conclusion of all the testimony in the case. The plaintiffs offered no prayers.

The principal question involved upon the undisputed evidence in the case is a narrow one, and presents a consideration of the rights of the vendor of an automobile car, under a conditional contract of sale, and the rights of certain repairmen to a lien for repairs made to the automobile, under a contract with the purchasers of the car, after the delivery of the car to the vendees.

There can be no serious doubt as to the decision we are required to make on well settled rules of law and by force of authority upon either of the questions directly presented.

The law is clearly settled in this State that a conditional sale of personal property where the vendor retains the title until the purchase price has been paid is valid between the

vendor and the vendee and all persons claiming under or through the latter, with notice of the lien. Acts of 1916, Chapter 355; *Praeger* v. *Implement Co.,* 122 Md. 308; *Hall* v. *Hinks,* 21 Md. 406; *Lincoln* v. *Quynn,* 68 Md. 299; 35 *Cyc.* 665, and cases there cited.

In *Wilson* v. *Guyton,* 8 Gill, 215, this Court said, in announcing the doctrine of liens, that it is now recognized as a general principle that, wherever the party has by his labor or skill, etc., improved the value of property placed in his possession, he has a lien upon it until paid. The existence of liens has also been sustained where they contributed to promote public policy and convenience.

While there is no statute in this State creating a repairman's lien for repairs to an automobile, it is clear that a common law lien would exist on such property until the charges for the labor and expenses are paid. *Wilson* v. *Guyton,* 8 Gill, 213; 17 *R. C. Law,* pages 599, 600 and 601, and cases there cited.

Under the provisions of the contract of conditional sale in this case, as set out in the record, the vendees were to have immediate possession of the property sold, but the title was to remain in the vendor until the contract price was paid in full. In default of payment of the deferred payments, the vendor was to have the right to take possession of the automobile, and it was also stipulated by the contract itself, in order to be valid as to third parties, it must be recorded within twenty days from the date of its execution.

It appears from the proof in the record that the conditional sale in this case was never recorded, and by the express terms of the contract itself, and under Chapter 355, Acts of 1916, it was not valid as to third parties, and it can not therefore be upheld as a prior claim to the appellees' lien for their repair bill.

By Chapter 355, Acts of 1916, it is provided:

"Every note, sale or contract for the sale of goods and chattels, wherein the title thereto, or a lien there-

on, is reserved until the same be paid in whole or in part, or the transfer of title is made to depend upon any condition therein expressed, and possession is to be delivered to the vendee, shall, in respect to such reservation and condition, be void as to third persons without notice until such note, sale or contract be in writing, signed by the vendee, and be recorded in the Clerk's Office of Baltimore City, or the counties, as the case may be, where bills of sale are now recorded; and such recording shall be sufficient to give actual or constructive notice to third persons when a memorandum of the paper writing, setting forth the date thereof, the amount due thereon, when and how payable and a brief description of the goods and chattels therein mentioned shall have been recorded, but it shall not be necesary that said paper writing be acknowledged or an affidavit made to the consideration therein expressed as in the case of bills of sale."

But it is contended that if it be conceded that the appellees had a valid lien for the repairs done under their contract, that it was lost by a removal of the car from their shop to their uncle's place for the purpose of having certain measurements for the upholstering.

Whatever doubt there could be, if any, as to the legal effect of the removal of the car from the shop for measurement, there can be none, under the facts of this case, that it did not make valid the alleged lien of the appellant under his conditional sale, as against the appellees' repair lien, or defeat that lien, under their contract with the vendees of the automobile.

The jury found, as it had a right to do under the evidence, that the appellees had no notice or knowledge of the existence of the appellant's contract of conditional sale.

The car had been returned and was actually in the possession of the appellees, when replevied under the asserted claim of the appellant. No rights of third or innocent parties intervened between the time the vendees removed the car

from the shop to have the upholsterer make the measurements for the upholstering and the time of the return of the car. It was removed with the understanding that it should be returned in an hour or so, and that the car should not be surrendered until the bill for repairs was settled.

The cases cited by the appellant, rest upon various statutes of different States and upon dissimilar facts from those presented by the record in this case, and are, therefore, not controlling in the present case.

There was no error in refusing the defendant's prayers, because they asserted propositions of law not applicable to the facts of the case.

The case was tried before a jury on its merits, and finding no error in the rulings of the Court, the judgment must be affirmed.

*Judgment affirmed, with costs.*