# BALTIMORE CITY COURT.

Filed August 4, 1922.

WILLIAM J. MEYERS

VS.

THE NEELEY AND ENSOR AUTO COMPANY AND DOUGLAS W. TANNER.

*George J. Kessler* for plaintiff.
*Carlyle Barton* for defendants.

STEIN, J.—

This is an action of replevin, brought by the plaintiff, a vendor, under a recorded conditional sale contract, against the defendants, to recover the automobile named in the contract, from the possession of the corporate defendant, which claims a lien thereon, for repairs and storage; the defendant, Tanner, is the owner of the machine, and at the date of the replevin did not have it in his possession.

The case is submitted upon an agreed statement of facts, which, among other things, shows:

1. That the plaintiff sold the automobile to the defendant Tanner, who paid $100 on account, gave his notes for the balance, secured their payment by a conditional sale agreement executed, acknowledged and recorded among the records of the clerk's office of the Superior Court of Baltimore, the proper place, a certified copy of which is filed as evidence, under which agreement the title to the automobile remained in the vendor until payment of the above notes; the vendee had the right to the possession of the automobile until default in payment of any of the above notes; upon default in any of them the plaintiff could retake possession of the automobile, with all *parts, accessories and equipment.*

2. That the registration certificate for the machine was in the name of the defendant Tanner.

3. That plaintiff and the corporate defendant were engaged in the business of buying, selling and repairing automobiles.

4. That without plaintiff's knowledge Tanner took the machine to the corporate defendant to be repaired; the defendant made repairs thereon to the extent of $90.86, which are due and unpaid; there are also due it and unpaid $50.50 for storage for the machine, for each of which sums the corporate defendant claims a lien.

5. That the defendant Tanner did not pay one of the above-named notes, which constituted default in the conditional sale contract; whereupon the plaintiff, after some delay in locating the machine, brought this action of replevin.

6. That the defendants concede the plaintiff's right to the machine under the conditional contract of sale, but insist that this right is subject to the lien of the Neeley & Ensor Auto Company, the corporate defendant, for the repairs and storage.

## A.

The liens claimed by the corporate defendant are for repairs and storage; the lien under Section 52 of Chapter 403, Act of 1918, 4 Bagby's Code, Sec. 54, p. 459, is for accessories and tires, so that such defendant can not base its lien under this act; however, under Winton vs. Meister, 133 Md. 318, etc., it has a common-law lien for the above repairs.

Is this lien superior or subject to that of the plaintiff under his recorded conditional sale contract?

The general rule, amply supported by authority, holds that "where a mortgage does not take possession, but leaves the mortgaged chattel with the mortgagor, he thereby assents to the creation of a statutory lien for any expenditures reasonably necessary for the preservation or ordinary repair of the thing mortgaged." Etchen vs. Dennis, 178 Pac. 408; Willys Overland Co. vs. Evans, 180 Pac. 238; City National Bank vs. Laughlin, 219 S. W. 617; 3 R. C. L., Secs. 55-56, pp. 133 and 134; 6 Corpus Juris, Sec. 90, p. 1138; 1 Jones on Liens, Sec. 744, pp. 759-760.

While the weight of authority supports this rule, some cases hold that it is to be applied only in those cases where the holder of the recorded lien assents to the vendee's possession of the chattel and the repairing, inferring from assent to possession, assent to the making of such repairs as are necessary to the ordinary use and care of the chattel. Even under this rule, the corporate defendant has a lien for repairs, because the conditional sales contract contains the required assent.

## B.

As a lienor of a chattel not in possession can not be expected to assume that the possessor of such chattel could have any reason to incur expense for storage, which ordinarily is not reasonably necessary for the care or preservation of the chattel, the reason for the rule giving a lien for necessary repairs ceases, so that the corporate defendant here can not have a lien for the storage as claimed.

I therefore hold:

## A.

That the corporate defendant has a lien for the above-named repairs, superior to the plaintiff's lien under his conditional contract of sale.

## B.

That it does not have any lien for the storage above named.

I will sign an order for a judgment in accordance with the above, the plaintiff to pay costs.