## In re SHIPLEY.

District Court, D. Maryland. February 27, 1928.

No. 4696.

1. **Bankruptcy ☞140(1⅝)—State law determines effect of failure to record conditional sale contract as against bankruptcy trustee.**

Effect of failure to record conditional sale contract as against a trustee in bankruptcy must be determined by the state law.

2. **Bankruptcy ☞140(1⅝)—Conditional sale contract, recorded some time after execution, held valid as against trustee, where there were no intervening creditors (Code Pub. Gen. Laws Md. 1924, art. 21, § 55).**

Under Code Pub. Gen. Laws Md. 1924, art. 21, § 55, providing that conditional sale contracts shall be "void as to third persons without notice" until recorded, as construed by the state Court of Appeals, an unrecorded contract is void as to all creditors, whether secured or unsecured, but, where such contract was recorded, but not until some time after execution, it is valid as against purchaser's trustee in bankruptcy, unless it appears that there are creditors who became such between the date of its execution and its record.

In Bankruptcy. In the matter of William S. Shipley, bankrupt. On petition of the Dayton Scale Company for reclamation of property. Granted.

Bartlett, Poe & Claggett, of Baltimore, Md., for petitioner.

Samuel Silverman, of Baltimore, Md., for trustee.

WILLIAM C. COLEMAN, District Judge. This is a petition by the conditional vendor of goods for priority of payment out of the assets of the bankrupt vendee.

The facts are that the petitioner, the Dayton Scale Company, sold to the bankrupt, on December 28, 1925, certain grocery store equipment under a contract of conditional sale, reserving title to the vendor. This was not recorded until February 8, 1926. On March 24, 1926, a voluntary petition in bankruptcy was filed by the vendee, and adjudication occurred the same day. The bankrupt's goods were thereupon allowed to be sold under an attachment pre-

viously levied, and among them the equipment here involved. The trustee did not at the time know of the conditional sale agreement. On August 27, 1926, the Dayton Scale Company filed its petition, claiming a lien for $390, the balance due under this agreement, asking that this be given priority of payment out of the proceeds of the sale.

[1, 2] The question is whether the failure to promptly record the conditional sale contract deprives the petitioner of the priority it would otherwise have had; that is, whether its rights are inferior to those of the trustee in bankruptcy or of creditors who may have become such between the date of the making of the conditional sale contract and its recordation. The answer depends upon the construction to be placed upon article 21, § 55, of the Maryland Code; that is to say, the court must look to the state law for the effect of the lack of record. Holt v. Crucible Steel Co., 224 U. S. 262, 32 S. Ct. 414, 56 L. Ed. 756; Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275; Ward v. American Agricultural Co. (C. C. A.) 232 F. 119, 36 Am. Bankr. R. 321; Citizens' Coal Co. v. Custard (C. C. A.) 244 F. 425. The Code section referred to reads as follows:

"Every note, sale or contract for the sale of goods and chattels, wherein the title thereto, or a lien thereon, is reserved until the same be paid in whole or in part, or the transfer of title is made to depend upon any condition therein expressed, and possession is to be delivered to the vendee, shall, in respect to such reservation and condition, be void as to third persons without notice until such note, sale or contract be in writing, signed by the vendee, and be recorded in the clerk's office of Baltimore city, or the counties, as the case may be, where bills of sale are now recorded; and such recording shall be sufficient to give actual or constructive notice to third persons when a memorandum of the paper writing, setting forth the date thereof, the amount due thereon, when and how payable and a brief description of the goods and chattels therein mentioned shall have been recorded, but it shall not be necessary that said paper writing be acknowledged or an affidavit made to the consideration therein expressed as in the case of bills of sale."

Under section 47a(2) of the Bankruptcy Act (11 USCA § 75), it was the rule, prior to 1910, that the trustee, standing in the place of the bankrupt, could have no greater rights than the bankrupt himself had. The provision read as follows:

"Trustees shall  * * *  collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interests of the parties in interest."

Therefore, if under the state law an unrecorded instrument was good inter partes, it was good against the trustee. York Mfg. Co. v. Cassell, 201 U. S. 344, 26 S. Ct. 481, 50 L. Ed. 782. In 1910, the section was amended, for the purpose of doing away with this rule, and thereby enabling the trustee to attack unrecorded conditional sale contracts and other like liens, by adding these words:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." 36 Stat. 840, § 8.

The trustee is thus no longer merely in the position of the bankrupt but has the rights of an unsatisfied judgment creditor. In re Nelson (D. C.) 191 F. 236; In re Franklin Lumber Co. (D. C.) 187 F. 281; Id. (C. C. A.) 199 F. 1. The precise question is, therefore, What are the rights of an unsatisfied judgment creditor under Maryland law against one who has not recorded his contract as required by article 21, § 55, of the Code?

In Roberts & Co. v. Robinson, 141 Md. 37, 118 A. 198, the Court of Appeals of Maryland, following the express intent of the amendment to the Bankruptcy Act, held that an unrecorded contract of conditional sale was invalid against the trustee in bankruptcy, saying (page 45 [118 A. 200]):

"It is not necessary to determine generally in this case the rights and remedies of judgment creditors holding executions returned unsatisfied, but it is sufficient to state our conclusion that they are entitled, in view of our statute, to challenge a lien or title dependent upon an unrecorded agreement of which they were unaware when their claims were contracted."

So also in Winton Co. v. Meister, 133 Md. 320, 105 A. 301, it was held that an unrecorded conditional sale contract was invalid as to a later repair lienor. See, also, Meyers v. Auto Co., 143 Md. 107, 121 A. 916, 30 A. L. R. 1224. Therefore, it seems clear that

under the Maryland law such a contract is not valid against the trustee in bankruptcy, he having the status of a lien creditor. But it seems never to have been directly decided in Maryland what is the status of *unsecured* creditors; that is to say, whether an unrecorded contract is invalid against *nonlien*, as well as lien creditors. The weight of authority, however, under substantially similar statutes, seems to be that *only lien* creditors are to be protected from the unrecorded contract. See Holt v. Crucible Steel Co., and Bailey v. Baker Ice Machine Co., supra, and Williston on Sales, § 337a, and cases cited. But the Maryland law would seem at least to incline towards the opposite conclusion, i. e., that *unsecured* creditors are equally protected. It will be noted that the statute expressly says as to unrecorded contracts reserving title, that they "shall in respect to such reservation and condition, be *void as to third persons without notice*," etc. In Roberts & Co. v. Robinson, supra, the only question for decision was whether the position of the trustee in bankruptcy was superior to that of the holder of an unrecorded contract of conditional sale. The court held that it was, but proceeded by way of dicta to say (page 43 [118 A. 200]):

"As between the immediate parties the contract is valid, but 'as to third persons without notice' it is declared to be void until placed upon the public records in the manner prescribed. The creditors who trusted Keel, in ignorance of the plaintiffs' secret reservations of interest in the property which they committed to his apparent ownership, were undoubtedly included among the 'third persons without notice' for whose protection the act was passed. *If it had been intended to protect only purchasers and lienors, that purpose would have been expressed. The general terms employed indicate that the statute was designed to safeguard the interests of all persons, acting without notice of the unrecorded contract, who would be injuriously affected if it were permitted to be enforced.*" (Italics inserted.)

It would seem, therefore, from the language above quoted, that the Maryland Court of Appeals is committed—albeit by dicta, but an exceedingly broad one—to the proposition that unrecorded conditional sale contracts are void as to *all* persons, *unsecured* creditors included. Until some other decision is rendered by that court, clearly indicating a different interpretation, this court feels bound to accept the view thus expressed, even though contrary to the weight of authority in other jurisdictions. See In

24 F.(2d)—63

re Rosen, 23 F.(2d) 687, decided by this court (Judge Soper), January 18, 1928.

We now come to the final point in the present case, which is that the contract was recorded, though not immediately. The sale was on December 28, 1925, and the recording took place February 8, 1926. The conclusion must therefore be that the petitioner is entitled to his lien, except as to *any* creditors who may have intervened in the period during which the contract was unrecorded. But there is no proof in the present case that any such creditors existed, so the petitioner should be preferred as against the trustee in payment out of the proceeds in the hands of the trustee.

An order in accordance with this opinion will be signed.