GRAHAM GUNBY ET AL., EXECUTORS, ET AL. *v.* MACK INTERNATIONAL MOTOR TRUCK CORPORATION.

[No. 46, April Term, 1928.]

*Decided June 21st, 1928.*

20

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*F. W. C. Webb,* with whom were *Carroll E. Bounds* and *Woodcock & Webb* on the brief, for the appellants.

*Hooper S. Miles* and *Charles B. Hoffman,* with whom were *Frank B. Ober* and *Janney, Ober, Slingluff & Williams* on the brief, for the appellee.

Adkins, J., delivered the opinion of the Court.

This case originated in a claimant's petition filed by appellee, a New Jersey corporation, against appellants, and Julia L. Adkins and Virgil L. Adkins, appellants being judgment creditors of the latter, with judgments of record in Wicomico County, Maryland.

It appears from the petition that said judgment creditors, hereinafter referred to as defendants or appellants, had sued out writs of *fieri facias* on their judgments, pursuant to which said writs the sheriff of said county had seized and levied upon a certain Mack truck. The petition alleges that "at the time of the levying of said writ the said truck was and still is the property of your petitioner by virtue of the terms of a written conditional sales agreement between your petitioner as vendor and the said Virgil L. Adkins as vendee dated May 6, 1927, and recorded on May 14th, 1927, among the records of Sussex County, State of Delaware, * * * wherein title to said truck was expressly reserved to your petitioner until such time as the said Virgil L. Adkins had paid the purchase price therefor in full in accordance with the terms of said agreement; * * * that at the time of the execution of said agreement the said Virgil L. Adkins gave

as his place of residence and post office address, Delmar, Delaware, and that your petitioner, not then knowing that said town of Delmar is located partly in Wicomico County, State of Maryland, and partly in Sussex County, State of Delaware, recorded said agreement among the aforesaid records in Sussex County; that upon learning that said Virgil L. Adkins actually resided within the Maryland limits of said town of Delmar, your petitioner immediately recorded said agreement among the conditional sales records of the Circuit Court for Wicomico County, Maryland." The petition further alleged that there is still a balance due on said truck of about $2,800; that no part of the indebtedness represented by said judgments was incurred upon the strength or consideration of the ownership of said truck by the said Virgil L. Adkins. On the filing of a bond by the petitioner the sheriff was directed by the court to deliver to it the truck. The case was tried by a jury, which rendered a verdict in favor of the petitioner, on which judgment was entered. This appeal is from that judgment.

The evidence supports the above mentioned allegations. It shows that the petitioner had a branch office at Philadelphia, Pennsylvania, where the sale took place. The conditional sale agreement dated May 6th, 1927, filed in the case, describes Adkins as "located at R. D. No. 3, City of Delmar, County of Sussex, State of Delaware"; it provided that delivery of the truck by the vendor to the vendee "does not pass title thereto, but neither the said property nor the title thereto shall pass by said delivery but both are and shall remain vested in and be the property of the vendor or its assigns * * * until said notes endorsing such installments of purchase price are paid in full in money"; that the vendee should not remove the above mentioned property, nor suffer the same to be removed from the State of Delaware * * * without the written consent of the vendor."

There was offered in evidence certain sections of the Uniform Conditional Sales Act, which act, it was agreed, is effective in the states of Delaware and Pennsylvania. By section 5 of that act it is provided that every provision in a

conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale. Section 6 provides that such filing shall be in the office of the recorder of deeds in the county in which the goods are first kept for use by the buyer after the sale. Section 14 provides that "when, prior to the performance of the condition, the goods are removed by the buyer from a filing district in this state to another filing district in this state in which such contract or a copy thereof is not filed, the reservation of the property in the seller shall be void, as to the purchasers and creditors described in section 5, unless the conditional sale contract or a copy thereof shall be filed in the filing district to which the goods are removed, within ten days after the seller has received notice of the filing district to which the goods have been removed," etc.

There is a stipulation in the case that the indebtedness of Adkins to the respective defendants originated and was reduced to judgment as follows: The judgment of the defendants Gunby & Webb, executors of Walter B. Miller, was obtained on October 22nd, 1927, on two mortgage notes dated respectively September 14th, 1921, and May 8th, 1921, with interest on each from July 7th, 1926. The judgment of the defendant A. H. Holloway was obtained on January 19th, 1926, on note dated October 31st, 1925, payable in sixty days. The judgment of the defendant L. W. Gunby Company was obtained before a justice of the peace on May 28th, 1923, on note dated December 28th, 1923, payable in three months.

It appears from the evidence that in October, 1927, executions were issued on said judgments and the truck was levied upon under said executions. Counsel for the judgment creditors then wrote the petitioner informing it of the executions, and that there was no record in Wicomico Coun-

ty of said conditional sale agreement. Whereupon petitioner had a copy of said agreement recorded in said county. The evidence shows that representatives of petitioner knew that the truck owned by Adkins, which was taken in trade for the Mack truck, was titled in Maryland, and that they aided him in having the new truck titled in Maryland; that it was first titled in Pennsylvania, as that was necessary as a preliminary to having it titled in Delaware. There was evidence that none of the judgment creditors had any notice or knowledge of the existence of the conditional sales contract until after the execution on their judgments had been levied on the truck; that after that Adkins advised counsel for one of them of the existence of said contract.

At the close of the testimony defendants moved the court to strike out all evidence relating to the existence of the said conditional sales contract, and to its recording in the State of Delaware, and to any indebtedness there might be by Adkins to petitioner, said evidence having been admitted subject to exception—which motion the court overruled, and this ruling is the subject of the first bill of exception.

The second exception was to the granting of plaintiff's prayer and to the refusal of defendants' first prayer. Defendants' rejected prayer asked for a directed verdict for defendants.

Petitioner's prayer instructed the jury that, if the jury found that the truck was purchased by the defendant Adkins from the claimant, and that the said defendant executed the conditional sales agreement offered in evidence, and that, at the time said truck was levied upon and seized by the sheriff for Wicomico County at the instance of the judgment creditors mentioned in the evidence, the said defendant had not paid for said truck as provided in said sales agreement, then if the jury further find that at and before the time of the execution of said sales agreement the said defendant was indebted to the estate of Walter B. Miller as mentioned in the evidence, and to the defendant Arthur H. Holloway, as mentioned in the evidence, and to the defendant L. W. Gunby Company as mentioned in the evidence,

24

then their verdict should be for the claimant, notwithstanding the jury might further find that said conditional sales agreement had not been recorded in Wicomico County, Maryland, at the time said truck was levied upon and seized by the sheriff of Wicomico County.

We find no error in the rulings appealed from. The two exceptions may be considered together, as they are both founded on the same theory, viz: That the recording of the agreement in Delaware had no force in view of the Maryland statutes: Code, art. 21, sec. 55, which provides that conditional contracts of sale "shall, in respect to such reservations and conditions, be void as to third persons without notice unless such note, sale or contract be in writing, signed by the vendee, and be recorded in the clerk's office of Baltimore City, or the counties, as the case may be, where bills of sale are now recorded"; and article 21, section 48, which provides that bills of sale shall be recorded in the county or city where the vendor or donor resides or "if the vendor or donor resides out of the state, and the personal property conveyed by such bill of sale is located in this state, then such bill of sale shall be recorded in the county where such property is located."

The argument of appellants is that, since the vendor resided in Philadelphia, and the motor truck was located in Wicomico County, sections 55 and 48 of article 21 required that the conditional sales contract covering the truck be recorded in Wicomico County, and the recording in Delaware was a futile act; that there are no equities in favor of appellee because of the prompt recording of the contract in Delaware, as appellee had constructive knowledge of Adkins' residence in Wicomico County, knew that the truck which was traded in was titled and licensed in Maryland and that the new truck was to be titled and licensed in Maryland. On the part of appellee it is contended that, as the contract of sale was made in Pennsylvania and duly recorded there according to the law of that state, the Maryland recording act does not apply; that appellee had title to the truck when it

was moved into Maryland, and the Maryland recording act did not divest that title.

In the view we take of this case it is not necessary here to decide that question. The case was apparently decided below on another ground, viz: that the defendants were not within the class of creditors protected by the Maryland conditional sales recording act.

All of the judgments of the defendants were on debts arising out of transactions long prior to the date of the conditional sales contract. The defendants therefore are within the class designated as prior existing creditors, whom the recording laws were not intended to protect. We said in *Stieff v. Wilson,* 151 Md. 597, in construing section 55 of article 21 of the Code: "It is a recording statute, and it is to be presumed that it does not intend any departure from the well known American theory and purpose of recording claims to title, that is, to protect persons who might *subsequently* deal with the property and part with *value* for it without notice of the earlier conveyance." See also *Winton Company v. Meister,* 133 Md. 320; *Roberts & Co. v. Robinson,* 141 Md. 37; *Meyer Motor Car Co. v. First National Bank,* 154 Md. 77. Appellants rely upon *Stieff v. Wilson, supra.* But the transaction involved in that case was held to be a sale to a purchaser without notice.

In *Davis v. Harlow,* 130 Md. 165, it was said, referring to the sections relating to mortgages: "These sections have been passed upon in a long line of decisions in this state and we must give them the force and effect they have long been held to be entitled to, that is, that they are for the protection of creditors becoming such after the date of the mortgages, either unrecorded or defectively executed." See *Tyler Co. v. O'Ferral,* 153 Md. 353. We see no reason why the sections relating to conditional sales contracts should be differently construed in principle.

The fact that defendants are judgment creditors does not make them any the less pre-existing creditors or place them in any better position in reference to the equitable title of plaintiff. If credit was not given in reliance upon owner-

26

ship of the debtor in the property in controversy, the title of plaintiff was not divested in their favor by the simple expedient of procuring judgments on such debts and levying on such property.

Nor can be accede to the view of appellants, strongly pressed, that because defendants permitted interest to accrue, or the debts to remain uncollected, after the date of the contract of sale, their claims were thereby taken out of the class of pre-existing debts. We find nothing in *Roberts v. Robinson, supra,* on which they rely, to support that contention.

*Judgment affirmed, with costs to appellee.*