(Decided 25th June, 1873.)

---

## WILLIAM M. BUSEY *vs.* JOHN S. REESE.

*Construction of Art. 24, sec. 16, of the Code—A pre-existing Debt a good and valuable Consideration within the meaning of this Section.*

Art. 24, sec. 16, of the Code, provides that "Where there are two or more deeds conveying the same lands or chattels real, the deed or deeds which

shall be first recorded according to law shall be preferred, if made *bona fide* and upon good and valuable consideration." HELD:

That if a deed be taken in payment and satisfaction of a *pre-existing* debt, it is for a good and valuable consideration within the meaning of this section.

APPEAL from the Circuit Court of Baltimore City.

The facts of the case are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, BRENT, MILLER, ALVEY and ROBINSON, J.

*Wm. M. Busey*, for the appellant.

Where there are two or more deeds conveying the same lands or chattels real, the deed which shall be first recorded according to law shall be preferred, if made *bona fide* and upon good and valuable consideration. This to apply to deeds of mortgage also. *Code of Pub. Genl. Laws, Art.* 24, *sec.* 16.

The appellant's deed was recorded before the appellee's mortgage. The *bona fides* of the appellant's deed is not questioned, and the only question is, whether the consideration of the deed from Eichelberger to the appellant was such a good and *valuable consideration* as is required by the provision of the Code. Said deed was made in settlement and satisfaction of a past indebtedness. The acceptance of land in payment of a debt will entitle the creditor to be considered a purchaser for value. *Donaldson vs. the State Bank*, 1 *Devereux Eq.*, 106; *Ohio L. & Trust Co. vs. Ledyard*, 8 *Ala.*, 874.

The payment or discharge of a pre-existing debt is a valuable consideration. *Swift vs. Tyson*, 16 *Peters*, 1; 3 *Kent's Com.*, 81; *Basset vs. Nosworthy*, 2 *Leading Cases in Eq.*, 103.

The appellee, contributed to the fraud practised upon the appellant, by placing his deed of mortgage in the hands of Eichelberger to be recorded; thus enabling Eichelberger to conceal the fact of its existence from Busey, and thereby induce him to accept a deed of property in·satisfaction of his debt.  Being thus deceived into a sense of security, Busey lost his opportunity of recovering from Eichelberger.

Whenever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss must sustain it.  *Broom's Legal Max.*, 686; *Lickbarrow vs. Mason*, 2 *Term R.*, 70; *Bank of the United States vs. Davis*, 2 *Hill*, 461; *Merchants' Bank vs. State Bank*, 10 *Wallace*, 649.

*Robert A. Dobbin*, for the appellee, contended

1st. That Busey is not a *bona fide* ·purchaser for· value, because the consideration ·which he gave for his deed was a pre-existing antecedent debt.   2d.  That the mortgage to Reese, the consideration of which was a valuable one, being $300.00, passing at the time of the delivery of the mortgage, was entitled to priority to the deed to Busey.  *Ratcliffe vs. Sangston*, 18 *Md.*, 381; *Root vs. French*, 13 *Wend* , 570; *Dickerson vs. Tillinghast*, 4 *Paige Ch. R.*, 215; *Rowan vs. Adams*, 1 *Sandes & Marshall Ch. R.*, 45; *Powell vs.· Jeffries*, 4 *Scammon*, 307; *Jackson vs. Myers*, 11 *Wend.*,·533.

BARTOL, C. J., delivered the opinion of the Court.

On the 5th day of October, 1870, Eichelberger borrowed from the appellee three hundred dollars, and on that day executed a mortgage of certain leasehold property, to secure its payment, the mortgage was, after its execution, handed to Eichelberger, who promised to have it recorded but failed· to do so, retaining it in his own possession till the 29th day of October, 1870, when

at 12¼ o'clock P. M., it was recorded. In the meantime, on the 25th day of October, 1870, Eichelberger executed to the appellant, an absolute deed of conveyance of the same property, which was recorded before the mortgage, viz: on the 29th day of October, 1870, at 11½ o'clock, A. M.

The appellant had no notice or knowledge of the existence of the mortgage, at the time the deed to him was executed and recorded; it was made "in consideration of a sum of money then and for some time previous due to him from Eichelberger;" or as charged in appellee's bill of complaint "in settlement and satisfaction of a past indebtedness long overdue and unpaid."

The single question for our consideration, is which of the parties is entitled to priority; and this we think depends upon the true construction of the Code, Art. 24, sec. 16, which is in these words:

"Where there are two or more deeds conveying the same lands, or chattels real, the deed or deeds which shall be first recorded according to law shall be preferred, if made *bona fide* and upon good and valuable consideration. This section to apply to all deeds of mortgage, and to all other deeds or conveyances, to the validity of which recording is necessary."

It is conceded that the deed to the appellant was made *bona fide,* but it is contended that although first recorded, it is not entitled to priority, because the consideration was a pre-existing debt due from the grantor to the grantee; which, it is said, is not a "*good and valuable consideration*" within the meaning of the Code.

In support of this position, the counsel for the appellee has cited several cases, involving the question, when and under what circumstances, a party claiming to hold property by purchase or assignment from one having an imperfect title, will be protected as a *bona fide* purchaser for value, against the lawful owner, or one holding a prior equity.

On this question *Ratcliffe vs Sangston*, 18 *Md.*, 383, has been relied on by the appellee's counsel as conclusive of the present case. It was there held that where a party had purchased goods by means of false and fraudulent representations, he could not defeat the right of the defrauded vendor to reclaim them, by making a voluntary assignment to trustees for the benefit of his creditors. The nature of the consideration required to make a transfer of title from a fraudulent vendee valid, as against the defrauded vendor, was there explained, and it was decided that the assignees were not *bona fide* purchasers for a valuable consideration; but stood in the position of the assignor, and took the property subject to all the equities which were binding before the assignment. *Ratcliffe vs. Sangston*, was decided in conformity with the well settled doctrine of Courts of Chancery, with respect to what constitutes a *bona fide* purchaser for value, entitled to protection against antecedent equities, and is in accordance with the current of authorities. The question as respects the effect of an assignment for the benefit of creditors, has been decided in the same way in a number of cases, which are collected in 2 *Leading Cases in Equity*, 104, (*et seq.*); among them we cite *Holland vs. Craft*, 20 *Pick.*, 321, and *Twelves vs. Williams*, 3 *Wharton*, 485. Upon a review of *Ratcliffe vs. Sangston*, we think it was decided correctly. But even if the equitable doctrine to which we have referred, and which governed the decision in *Ratcliffe vs. Sangston*, could be held applicable to a case arising under the Code, Art. 24, sec. 16, which we by no means admit; that case would not control the present, they are not analogous. There the creditors had not released; "the interests of the parties remained as they were at the date of the assignment." Here the deed to the appellant was made *in payment and satisfaction of a pre-existing debt*, which was thereby extinguished; this constituted a *good and valua-*

*ble consideration* within the meaning of the Code. In the case of "*The Cecil Bank vs. Heald,* 25 *Md.,* 563," this Court decided, following the ruling of the Supreme Court in *Swift vs. Tyson,* 16 *Peters,* 1, that a party who takes negotiable paper *bona fide,* in payment of an antecedent debt, is a holder for valuable consideration, entitled to protection against antecedent equities. That was a case arising upon commercial paper, which in some respects is governed by other considerations : but "in this respect, equity and the commercial law perfectly agree, both being founded on principles of reason as well as convenience." We think the same rule applies to the transfer of lands or chattels ; if taken in payment and satisfaction of an existing debt, the extinguishment of the debt constitutes a valuable consideration, entitling the purchaser to protection against antecedent equities. The contrary was decided by Chancellor WALWORTH in *Dickerson vs. Tillinghast,* 4 *Paige,* 215. We agree however, with what was said by Judge STORY in *Morse vs. Godfrey,* 3 *Story,* 390, where in speaking of the decision in *Dickerson vs. Tillinghast,* the learned Judge remarks, "I do not say, that I am prepared to go quite to that length, seeing that by securing the estate as payment, the pre-existing debt is surrendered, and extinguished thereby." In this case there is much force in the argument of the appellant's counsel based on the fact, that the appellee after taking his mortgage, not only failed to have it recorded, but left it in the hands of the mortgagor, trusting to his promise to have it placed on record, and thereby enabled the mortgagor to impose on the appellant; thus bringing the case within the rule that "whenever one of two innocent parties must suffer by the acts of a third person, the loss ought in Equity to fall upon him, who has enabled the third person to occasion the loss." But we do not rest our decision of the case upon this principle. In our judgment the provisions of the Code are very plain

and explicit. To entitle the deed first recorded to be preferred, nothing more is required than that it shall be made *bona fide*; and upon a good and valuable consideration. If taken in payment and satisfaction of a pre-existing debt, it is for a good and valuable consideration within the meaning of the Code.

Being of opinion that the deed of the appellant is entitled to be preferred, and that he took the property free from the encumbrance of the appellee's mortgage, the decree of the Circuit Court will be reversed and the bill dismissed.

*Decree reversed, and*
*bill dismissed.*

(Decided 26th June, 1873.)