GRAYSON ᴇᴛ ᴠɪʀ *v.* BUFFINGTON ᴇᴛ ᴜx.

[No. 143, September Term, 1963.]

*Decided January 24, 1964.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Isador Roman* for the appellants.

*Charles O. Fisher,* with whom were *Walsh & Fisher* on the brief, for the appellees.

PRESCOTT, J., delivered the opinion of the Court.

The Chancellor decreed that a deed given to the defendants below (appellants here), the Graysons, was subject to a prior conveyance of a portion of the land described in appellants' deed and also that a mortgage given to the Raymond I. Richardson Foundation, Inc. was subject, and inferior, to the aforesaid prior conveyance; and the Graysons, alone, appealed.

The appellants suggest that several questions are presented for determination, but, in the view that we take of the case, it turns upon a proper interpretation, and application of the Code (1957), Article 21, Section 13, which reads:

> "When there are two or more deeds conveying the same lands * * *, the deed or deeds which shall be first recorded according to law shall be preferred, if made bona fide and upon good and valuable consideration. This section to apply to all deeds of mortgage, and to all other deeds * * * to the validity of which recording is necessary."

The appellees, Mr. and Mrs. Buffington, were the owners of a small farm, containing some eighteen or nineteen acres, which

was contiguous to the farm of the appellants. In January of 1960, (all dates hereinafter referred to will relate to 1960, unless otherwise specified) a small portion of the appellees' land, containing 20,882 square feet, was surveyed. Appellees' farm was thereafter turned over to a broker for sale, and, in February, it was advertised for sale as containing some nineteen acres. On March 18, the Buffingtons executed and delivered a deed for the 20,882 square foot parcel to the Mt. Union Lutheran Church, Inc. (The appellants mildly suggest that this deed was without consideration, but [we note that whether or not material under the circumstances of this case], testimony was admitted, without objection, showing that the Church had agreed to reserve certain cemetery lots therein for the appellees, which the Chancellor found to be a valuable consideration, and we cannot say he was in error in this finding.) This parcel lies adjacent to the Church cemetery, and is intended to be utilized as an enlargement thereof. The farm was again advertised for sale in March, and again no mention was made of the out-conveyance.

Appellants contacted the broker and made an offer, which was acceptable to the appellees, and April 8 was set as a date for settlement. At the settlement, were the appellants, their lawyer, the appellees and an officer of the Foundation, which made a loan upon the property conveyed. At the time of settlement, no written contract had been entered into by the appellants and appellees, so that either side was at liberty not to consummate the sale.

It would serve no useful purpose to set forth in detail what occurred at the settlement. Supported by evidence that leaves no doubt as to the correctness of his findings, the Chancellor found: that the appellants, before paying the purchase price and accepting a deed to the property, were informed of the deed to the Church and they had "full knowledge of the location of the reserved parcel" by a drawing made by their counsel and exhibited to them at that time; and that appellants' counsel suggested a postponement of the settlement until he could ascertain with certainty the land conveyed to the Church, but settlement was had, whereby all of appellees' farm was conveyed, by deed for a valuable consideration, to the appellants,

upon the promise of the appellants that they would convey to the Church the parcel described in its deed from the appellees.

The deed from the appellees to the appellants was recorded on April 11, and the deed from the appellees to the Church was recorded on July 1. Cf. Code (1957), Article 21, Sections 10 and 16. After the appellants obtained their deed, one, in proper form, which would have conveyed the 20,882 square foot parcel to the Church, was presented to them for their signatures, but they refused to sign the same.

From the above, it is obvious that appellants' deed was made upon a good and valuable consideration, and it was recorded prior to the Church deed; hence if it were "made bona fide" in the eyes of the law, it, pursuant to Section 13, *supra,* must be preferred. The appellants quote from the early case of *Busey v. Reese,* 38 Md. 264, 270, as follows: "To entitle the deed first recorded to be preferred, nothing more is required than that it be made bona fide and upon a good and valuable consideration." There can be no doubt that this is a correct exposition of the law, but it, too, poses the critical question involved in the instant case as to whether the deed was "made bona fide" in the eyes of the law.

In order for the first recorded deed to be preferred under the statute, it is necessary that the grantee therein be in the position of a bona fide purchaser. *Busey v. Reese, supra; Willard v. Ramsburg,* 22 Md. 206. And it is well settled that one who purchases real property, with actual knowledge of prior equities, is not protected as a bona fide purchaser, but such a purchaser takes the property subject to the known equities, which are enforceable against him to the same extent that they are enforceable against the vendor. *Westpark, Inc. v. Seaton Land Co.,* 225 Md. 433, 450, 171 A. 2d 736; *Blondell v. Turover,* 195 Md. 251, 257, 72 A. 2d 697; *Lissau v. Smith,* 215 Md. 538, 547, 138 A. 2d 381. The reason for the rule is so universally known and recognized that it seems superfluous to state it. However, IV *American Law of Property,* § 17.11, states it succinctly and well; so, even at the risk of being tedious, we repeat the same: "* * * [C]ourts and legislatures early took the view that if the object [of the recording statutes] was to protect purchasers from secret and unknown conveyances. these

parties did not need a statute to protect them from one of which they had knowledge or notice. Except, therefore, under the few acts of the pure-race type, a purchaser with notice cannot invoke protection." At this point, it may be noted that Section 16, *supra,* specifically provides that a deed recorded after the time prescribed by Section 10 shall be valid "against all purchasers with notice of such deed." This is another clear manifestation that the Legislature, in enacting the recording acts, did not intend to protect subsequent purchasers with actual knowledge of a prior conveyance of the property purchased.

Applying the above principles of law to the facts of the instant case, wherein the appellants had actual knowledge of the Church deed before they accepted a conveyance of the property or paid the purchase price, we have no hesitation in sustaining the decree of the Chancellor.

At the end of appellants' brief, they suggest that the defense of laches is applicable to the facts of the case. However, neither the briefs nor the record extract show that the question was raised below; hence it is not before us for determination. Maryland Rule 885.

*Decree affirmed, appellants to pay
the costs in this Court.*