**In re CHICORA GROUP, a Partnership, Debtor.**

**Robert F. ANDERSON, Trustee, Plaintiff,**

v.

**Rose DeLONG, Defendant.**

Bankruptcy No. 88–00164.

Complaint No. 88–0100.

United States Bankruptcy Court, D. South Carolina.

Dec. 28, 1988.

W.A. Strait, Anderson, Lowder & Strait, P.A., Columbia, S.C., for plaintiff.

John T. Taylor, Charleston, S.C., for defendant.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Chief Judge.

In this adversary proceeding, the plaintiff, as trustee, is seeking, pursuant to 11 U.S.C. § 547(b)[1], the avoidance of the secured interest of the defendant evidenced by a mortgage encumbering property of the debtor. The trustee wishes to avoid the perfection of the defendant's mortgage as a preferential transfer pursuant to § 547(b). Defendant bases her defense on § 547(c).

Counsel for the parties entered a joint stipulation of facts which was filed with the court. A hearing was subsequently held by the court attended by counsel for

**1.** Further references to the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) are by section numbers only.

the parties. The court, after considering the pleadings, joint stipulations of facts, briefs and exhibits, adopts the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. The debtor executed a mortgage in the amount of $10,000 in favor of the defendant to be placed upon certain property of the debtor as described in said mortgage.

2. The mortgage referred to above was subsequently recorded in Book N 170 at page 045 in the office of the Register for Mesne Conveyances, County of Charleston, State of South Carolina, on November 18, 1987.

3. Debtor filed its petition in bankruptcy on January 25, 1988.

4. The defendant received some benefit from the recording of the mortgage insofar as the effect of the recording was to perfect defendant's security interest as to subsequent creditors or purchasers for value without notice.

5. The debt represented by the above-referenced mortgage was incurred by the debtor on June 16, 1987.

6. On June 16, 1987, a mortgage in the amount of $27,500 was executed by the debtor in favor of the defendant, granting, as security, that property covered by the mortgage referenced in paragraph 1.

7. This mortgage was to be recorded by the closing attorney.

8. The defendant reasonably believed that the closing attorney would take steps to perfect her security interest.

9. The mortgage dated June 16, 1987, was not recorded.

10. The debtor substituted for the June 16, 1987, mortgage two other mortgage instruments, one of which was the $10,000 mortgage referenced in paragraph 1 above.

11. The $10,000 mortgage was recorded by the closing attorney more than four months after its execution.

12. The recording of the $10,000 mortgage took place within ninety days prior to the filing of the debtor's petition in bankruptcy.

13. The debtor's title to the property described in the $10,000 mortgage was recorded on November 18, 1987, as was the title of the debtor's grantor.

14. The unsecured creditors of the debtor will receive substantially less than a 100 percent payout on their claims.

15. The transfer of the security interest was made by the debtor for the benefit of the defendant and was made on account of an antecedent debt incurred by the debtor more than four (4) months earlier when the deed and the mortgage note were delivered.

16. The transfer of the security interest was made within ninety (90) days of the filing of the debtor's petition and while the debtor was insolvent.

17. The transfer of the security interest would enable the defendant to receive more than she would receive as an unsecured creditor of the debtor's estate under a chapter 7 distribution.

## CONCLUSIONS OF LAW

1. Section 547(b) of the Bankruptcy Code provides in pertinent part:

Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

    (1) to or for the benefit of a creditor;

    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

    (3) made while the debtor was insolvent;

    (4) made—

    (A) on or within 90 days before the date of the filing of the petition.

2. Defendant asserts that reference must be had to state law to determine the practical effect of the alleged transfer on the rights and expectations of other creditors. It is elementary that while state law may determine the priority of payment for perfected liens, federal law is pre-emptive in bankruptcy. *In re Murray*, 27 B.R. 445 (Bankr.M.D.Tenn.1983). And in the in-

stant case, federal law, specifically § 547, defines without qualification the date of transfer and makes no allowances for exceptions for priorities created by state recording statutes. Hence, defendant's argument that state law controls cannot stand.

■ 3. Nor can the defendant rely on the "substantially contemporaneous exchange" to the trustee's voiding powers, which exception is found in § 547(c):

> (c) The trustee may not avoid under this section a transfer—
>> (1) to the extent that such transfer was—
>> (A) intended by the debtor and the creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtors; and
>> (B) in fact a substantially contemporaneous exchange.

4. Under § 547(e)(2), the contemporaneous exchange exception is inapplicable after ten days from the perfection of the defendant's security interest, and thus, the lien may be avoided. Subsection (e)(2) of § 547 provides that a transfer is made:

> (A) at the time such transfer takes affect between the transferor and the transferee, if such transfer is perfected at, or within 10 days after, such time;
> (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days.

4. Whether a delay beyond ten days in perfection of a security interest is a "substantially contemporaneous exchange" has been considered and decided, with varying results. There is a line of cases which holds that § 547(c)(1) is merely cumulative with § 547(c)(3), so that perfection of a security interest which occurs more than ten days after the transaction, thus not qualifying under § 547(c)(3), may nonetheless be deemed substantially contemporaneous under § 547(c)(2). *In re Burnette*, 14 B.R. 795 (Bankr.E.D.Tenn.1981); *In re Hall*, 14 B.R. 186 (Bankr.S.D.Fla.1981); *In re Lyon*, 35 B.R. 759 (Bankr.D.Kan.1982). However, this court believes the better rule was set forth by the Sixth Circuit in the case of *In re Arnett*, 731 F.2d 358 (6th Cir.1984) wherein the court looked at the legislative intent behind § 547(c)(1) and determined that to ignore the requirement that a security interest perfected more than ten days after its creation does not relate back to the date of perfection would effectively render § 547(e)(2) a nullity.

5. The $10,000 mortgage on the debtor's property took effect between the parties on June 16, 1986. Since the defendant's interest in the debtor's property was not perfected within ten days of its effective date, the transfer of the security interest in debtor's property is deemed to have occurred on the date of perfection, which was within ninety days of the filing of the debtor's petition, and, therefore, subject to the voiding powers of the trustee as provided in § 547(b).

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the mortgage of the debtor, recorded in Mortgage Book N-170, page 045, in the R. M. C. Office for Charleston County, South Carolina, on November 18, 1987, is void as a security interest in the property of the debtor.