**In re FREEDLANDER, INC., The Mortgage People, et al., Debtors.**

**Harry SHAIA, Jr., Trustee, Plaintiff,**

**v.**

**Joseph ROTHENBERG and Mollie Rothenberg, Defendants.**

Bankruptcy No. 88–00794–RS.
Adv. No. 89–0473–RS.

United States Bankruptcy Court,
E.D. Virginia.

Nov. 9, 1989.

---

Donna Joyce Hall, Clark & Stant, P.C., Virginia Beach, Va., for plaintiff.

Charles L. Rogers, Morano, Colan and Butler, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes before the Court upon the complaint of the Trustee, Harry Shaia, Jr., seeking avoidance of an allegedly preferential transfer made by the defendants. Finding that the recordation of a deed of trust within 90 days prior to bankruptcy constitutes a preferential transfer of an interest in the debtor's property under 11 U.S.C. § 547, the Court will order the deed of trust be avoided as a lien against property of the debtor's estate.

## FINDINGS OF FACT

The debtor in this case, Freedlander, Inc., The Mortgage People, ("debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code on April 12, 1988, which case was converted to a Chapter 7 case on May 16, 1988. On May 7, 1987, the defendants, Joseph and Mollie Rothenberg ("defendants") transferred $27,000.00 to the debtor and received in return an assignment of a note dated March 25, 1987. As security for that note, the defendants also received a deed of trust ("deed of trust") to real property located in Maryland, dated March 25, 1987. The defendants failed to have their deed of trust recorded.

When the defendants later attempted to record the deed of trust in early 1988, they received information that the deed could not be recorded as it was signed by Eve Freedlander in her capacity as Treasurer of the debtor. According to the corporate bylaws, only the President, Senior Execu-tive Vice President, Secretary or Assistant Secretary had the authority to execute deeds and convey real property of the corporation. Therefore, the defendants had the deed of trust corrected by procuring Eve Freedlander's signature and re-acknowledgement as Senior Executive Vice President on March 24, 1988. The defendants then had the deed of trust recorded on April 8, 1988 in the appropriate recording office just four days prior to the debtor's bankruptcy filing.

The trustee contends that the recording of the deed of trust on April 8, 1988 constituted a preferential transfer pursuant to 11 U.S.C. § 547. The trustee argues that the transfer occurred on April 8, the date the defendants recorded the deed of trust, which is within the 90-day period prior to bankruptcy required by § 547(b)(4). The defendants contend that Maryland law is controlling as to the date of transfer, and that under Maryland law the effective date of the transfer occurred upon the delivery of the deed of trust on May 7, 1987. This date falls outside of the 90-day preference period. In the alternative, the defendants urge the Court to invoke its equitable powers and find that no preferential transfer took place.

As the defendants do not contest the other elements of a preferential transfer, *see* § 547(b)(1), (2), (3), (5), the issue before the Court is whether the allegedly preferential transfer occurred within the 90-day period prior to bankruptcy as required by § 547(b)(4).

## CONCLUSIONS OF LAW

█ In order to determine when the transfer occurred for the purposes of § 547(b)(4), the Court first must examine § 547(e). Section 547(e)(2) [1] provides that a transfer is made at the time it is perfected,

---

**1.** (2) For the purposes of this section, except as provided in paragraph (3) of this subsection, a transfer is made

   (A) at the time such transfer takes effect between the transferor and the transferee, if the transfer is perfected at, or within 10 days after, such time;

   (B) at the time such transfer is perfected, if such transfer is perfected after such 10 days; or

   (C) immediately before the date of the filing of the petition, if such transfer is not perfected at the later of

     (i) the commencement of the case; or

     (ii) 10 days after such transfer takes effect between the transferor and the transferee.

11 U.S.C. § 547(e)(2).

unless it is perfected within 10 days of the date the transfer takes effect between the parties, in which case it is deemed made at that time.

■ The statute also defines when a transfer is perfected for the purposes of this section. Under § 547(e)(1), a transfer of real property is perfected when:

a bona fide purchaser of such property from the debtor against whom *applicable* law permits such transfer to be perfected cannot acquire an interest that is superior to the interest in the transferee . . .

11 U.S.C. § 547(e)(1)(A) (emphasis added). The reference to the applicable law in § 547(e)(1)(A) directs the Court's attention to state law for the purposes of determining when a transfer is perfected. *See Grover v. Gulino (In re Gulino)*, 779 F.2d 546, 550 (9th Cir.1985). The applicable state law in this context is the law of the state where the real property is located. 4 *Collier on Bankruptcy*, Paragraph 547.17 (15th ed. 1988). At issue in the instant case is the transfer of an interest in real property situated in Maryland, therefore, Maryland law is the "applicable law" which is controlling on the issue of perfection.

Thus narrowed, the question for the Court to decide is at what point a second bona fide purchaser of Maryland real property could not obtain an interest superior to that of a prior transferee. To answer this question, the Court must refer to Maryland law. The applicable Maryland statute is Real Property § 3–203 of the Annotated Code of Maryland, which provides that:

every recorded deed or instrument takes effect from its effective date as against the grantee of any deed executed and delivered subsequent to the effective date, unless the grantee of the subsequent deed has:

(1) accepted delivery of the deed or other instrument (i) in good faith; (ii) without constructive notice under § 3–202, and (iii) for a good and valuable consideration, and

(2) recorded the deed first.

Real Property § 3–203, Annotated Code of Maryland (1974).

Stated plainly, under Maryland law a subsequent transferee of an interest in real property may obtain an interest superior to a prior transferee only if the subsequent transferee records first, accepts delivery of the deed without constructive notice of the prior transfer and gives valuable consideration. *See Grayson v. Buffington*, 233 Md. 340, 343, 196 A.2d 893 (1964). ("To entitle the deed first recorded to be preferred, nothing more is required than that it be made bona fide and upon a good and valuable consideration." Quoting *Busey v. Reese*, 38 Md. 264, 270 (1873)). A subsequent transferee cannot obtain an interest superior to that of the prior transferee after the prior transferee records the deed. Therefore, under Maryland law, the point at which a subsequent bona fide purchaser of property from the debtor cannot acquire an interest superior to the interest of the prior transferee is when the prior transferee records the deed. This is the point at which the transfer is perfected under § 547(e)(1). *Cf. Elliott v. Frontier Properties LP (In re Lewis W. Shurtleff, Inc.)*, 778 F.2d 1416, 1420 (9th Cir.1985) (under Utah law, § 547(e)(1) perfection occurs upon recordation); *Miller v. Schuman (In re Schuman)*, 81 B.R. 583, 587 (9th Cir. BAP 1987) (under California law, § 547(e)(1) perfection occurs upon recordation). Since the date of perfection did not fall within 10 days of either of the two possible dates the transfer of the deed of trust took effect between the parties,[2] the bankruptcy code deems the date of transfer to be the date of perfection. *See* 11 U.S.C. § 547(e)(2)(A), (B). As perfection occurred on April 8th, the date of recording, this is deemed to be the date of transfer. Since April 8th is only four days before the debtor's April 12th bankruptcy filing, the transfer was made within the

---

**2.** The transfer could have taken effect between the parties on May 7, 1987 when the deed was first delivered or on March 24, 1988 when the defendants procured the re-acknowledgement.

Since the Court's analysis of the date of transfer renders this question irrelevant, the Court will not decide the issue.

90–day period prior to bankruptcy required by § 547(b)(4). Therefore, as the other elements of a preferential transfer are not contested by the defendants, the Court finds that this transfer constituted an avoidable preference under § 547.

 The defendants contend that Maryland law controls as to the time of the transfer because the deed of trust covers real property situated in Maryland. The defendants cite Real Property § 3–201 of the Maryland Code for the proposition that a transfer of an interest in land situate in Maryland is deemed to occur upon delivery of the deed.[3] Since the delivery of the deed occurred May 7, 1987, the defendants argue, the transfer occurred upon delivery of the deed of trust, well outside of the 90–day period prior to bankruptcy. However, the defendants misconstrue the role of Maryland law in a preference action under § 547. Section 547(e)(1) requires the Court to examine Maryland law for the narrow purpose of determining when the transfer is *perfected,* not when the transfer is made. Section 547(e)(2) of the bankruptcy code, not Maryland law, governs on the issue of when a transfer is made. *See In re Chicora Group,* 99 B.R. 715, 716–17 (Bankr.D. S.C.1988) (federal law dictates the date of transfer).

 The defendants also ask the Court to invoke its equitable powers to find that the recording of the deed of trust did not constitute a preference. It is true that no evidence of wrongdoing on the part of the defendants was presented at trial, nor does the trustee contend that the defendants intended to obtain preferential treatment. Moreover, the Court recognizes that it sits as a court of equity. However, the Court is constrained to apply the law to the facts of the case, as the focus of a preference action is directed towards recovering assets of the estate for the equal treatment of creditors irrespective of their relationship to the transferor. A transfer only becomes preferential upon the occurrence of subsequent events which may not be within the control of the transferee. Consequently, the Court is not concerned with the culpability, or lack thereof, of the defendants.

For the reasons stated above, the Court will order that the deed of trust be avoided.

The parties are directed to submit within ten (10) days an Order in conformity with this opinion.

---

**3.** Real Property § 3–201 of the Maryland Code provides that:

> The effective date of a deed is the date of delivery, and the date of delivery is presumed to be the date of last acknowledgement, if any, or the date stated on the deed, whichever is later. Every deed, when recorded, takes effect from its effective date as against the grantor, his personal representative, every purchaser with notice of the deed, and every creditor of the grantor with or without notice. Real Property § 3–201 Annotated Code of Maryland (1974).